JOHN J. WOODWARD *v.* JUDSON R. HARLOW.

*Account. Book account. Agency. Condition precedent.*

If promissory notes go into the hands of a bailiff or receiver under a contract, he may be called to an account respecting them in the common law action of account, and in some cases since the law of 1852, (laws of 1852 p. 9,) in the action on book.

An expressed disapprobation of the acts of one who assumed to act as an agent will not prevent a subsequent ratification and adoption of them.

A recovery may be had for notes which were received by the defendant to be held as security, until the debt of the plaintiff should be settled, if it appear that there is, in fact, nothing due from the plaintiff to the defendant.

If the defendant received them to account for after the payment of costs in a pending suit, the payment of the costs would not be a condition precedent to the plaintiff's right of action.

BOOK ACCOUNT. The plaintiff claimed to recover, among other things, the amount of the notes specified in a receipt executed by the defendant, of which the following is a copy.

"Received of Reuben Marks, five notes against the following "persons,—two against Ira Marks, $ 25.40 and $ 4.75 ; one against "Wesley Nelson, $ 64.66, also one against Thraderr Stevens, of "$ 22.00, also one against Ira Gibbs, not payable to the bearer, "of $ 20.00, dated March 2, 1853, the same to hold or collect as "security, for John J. Woodward's account, due to J. R. Harlow, "the same above notes have the interest reckoned up to Sept. 12th, "1853. The said J. R. Harlow is to hold the above notes or mon-"ey until the said J. J. Woodward's account is settled, and then he "is to account to said Woodward for them after cost of suit now "pending is paid." And in reference to which the auditor reported the following facts.

In September, 1853, the plaintiff, Woodward, was dangerously sick and bereft of reason, and while in that situation the defendant, Harlow, instituted a suit for the collection of what Woodward might be indebted to him, and on that suit Woodward's property was attached, and Reuben Marks, who was then a partner in business with Woodward, judging it best for Woodward to have his property released from the attachment, without any authority or right so to do, let said Harlow have the notes which were the exclusive property of Woodward, and the same were taken by said Harlow,

precisely as said receipt imports. At the time of the delivery of of the notes, Woodward was not, in point of fact, in any way indebted to Harlow. Harlow supposed Woodward was indebted to him, and commenced said suit in entire good faith, and the attachment was released in faith of said notes as security.

In the fall of 1853, Woodward having regained a measure of health, and his mental faculties being restored, learned what had been done respecting said notes, and disapproving thereof, demanded of Harlow to deliver back said notes and to settle on account of them. Harlow declined to deliver back the notes, or to settle except according to the terms of the receipt. Woodward never waived any wrong or tort respecting said note transaction, unless the demand, or the claiming an account before the auditor amounted to such waiver.

Harlow had received payment on the note against Nelson, and on the one against Stevens. The other three notes were not paid, but it was conceded by both parties that they were good and collectable.

The auditor reported the amount collected or due on each note; and the county court, September Term, 1855,—PIERPOINT, J., presiding,—rendered judgment upon the report in favor of the plaintiff, allowing the amount collected on the two notes, but disallowing the three notes not collected. To this disallowance the plaintiff excepted.

*F. Potter* for the plaintiff.

The action of book account has been much extended by the supreme court of this state; *Stone* v. *Pulsipher*, 16 Vt. 429.

These notes should be made to apply in payment of the defendant's side of the account. They were received by the defendant for that purpose, and he refused to deliver them up, or settle for them in any other way.

Defendant by his conduct and contract, made these notes a matter of account between him and plaintiff. Notes are recoverable on account; *Smith* v. *Woods*, 3 Vt. 485; 4 Vt. 400; and therefore in book account; statute 1852, page 9.

The claiming these notes on trial before the auditor, is a waiver of the tort, if any tort existed, and was a ratification of the pro-

ceedings between Marks and the defendant, as set forth in the receipt.

*S. H. Hodges* for the defendant.

1. The plaintiff can only hold the defendant to an accounting for the notes, by adopting the contract with Marks. This he has always repudiated. His bringing the present action is no affirmance. It is founded on other claims; and is, at most, a mere waiver of the tort; *Hunter v. Prinsep,* 10 East. 378.

2. If he adopts the contract, he must adopt the whole; and is not entitled to call the defendant to an account under it, until he has paid the costs of the former suit; Dunlaps' Paley on Agency, 172; *Benedict* v. *Smith,* 10 Paige. 127; *Smith* v. *Hodson,* 4 T. R. 211.

3. In an action on book, the plaintiff cannot recover for the notes themselves, which were tortiously taken. He can only have what the defendant has collected upon them; *Peach* v. *Mills,* 14 Vt. 371; *McCrillis* v. *Banks,* 19 Vt. 442; *Centre Turnpike Co.* v. *Smith,* 12 Vt. 212; *Scott* v. *Lance,* 21 Vt. 507; *Winchell* v. *Noyes,* 23 Vt. 303.

4. The county court have, in effect, decided that the defendant has not received the money on the notes, and their decision is not open to revision.

The opinion of the court was delivered by

BENNETT, J. The questions arise in this case upon an auditor's report, in an action on book; and the plaintiff claims to be allowed for three certain notes, which went into the defendant's hands upon the terms specified by the auditor, and which had not been collected at the time of the audit, and which were disallowed by the county court. No question is raised, except as to the uncollected notes; and we are to inquire whether, upon the facts reported, an action of account, at common law, would lie to recover the amount of these notes. On the 26th day of September, 1853, the defendant gave to one Reuben Marks his receipt for five notes, including the three in question, to hold the same, or collect, as security for the plaintiff's account, due to the defendant; and it is added in the receipt, that the defendant is to hold the notes or money until the

plaintiff's account is settled, and then he is to account to the plaintiff for them, after the costs of the suit then pending had been paid. The case shows that when Marks turned out these notes to the defendant, Woodward was not in his right mind, and that he had no authority to do it from Woodward; and it is found that, in point of fact, the plaintiff was not indebted to the defendant. Woodward never was satisfied with the action of Marks, and he demanded the notes of the defendant, and required him to settle on account of them, and this, the report says, the defendant declined to do, except upon the terms of the receipt.

No doubt, when notes go into the hands of a bailiff or receiver under a contract, he may be called to an account, in the common law action; but the defendant insists he was a tort feazor as against the plaintiff, in getting the possession of these notes by the way of Marks.

Suppose it be so, could not the plaintiff affirm the contract made by Marks, on his account, with the defendant? We think he may; and by bringing his action on book, and claiming an allowance for these notes, he has adopted and confirmed the acts of Marks; and it is not for the defendant to insist that the taking and holding the notes was tortious on his part. This form of action can only be maintained on the ground of a ratification. See Story on Agency, Sec. 259. It is of no consequence that the plaintiff at first disapproved of the acts of Marks. This could not have the effect to prevent a subsequent ratification of the acts. His disapproval of the acts of Marks was at any time countermandable, and cannot have the effect by way of estoppel or otherwise, to conclude the plaintiff from a subsequent adoption of the assumed agency.

It is true, as held in *Smith* v. *Hodson,* 4 Term. 211, that if he adopts a part he must adopt the entire contract. But it is found that nothing was due from the plaintiff to the defendant; and if the defendant had a claim for costs in the action then pending, he might have charged them in his account, and had them adjusted in the present action. The expression in the receipt, that the defendant is to account, " after the costs of suit have been paid," does not make the payment of such costs a condition precedent to the right of bringing an action, but may give to the defendant a right of retainer to an amount equal to such costs.

Adopting the whole contract then, as expressed in the receipt, we think there is nothing to conclude this action. We think the defendant may well be sued in an action of account as at common law for the notes; and by the statute of 1852, a recovery can be had for those items in the plaintiff's account in the action on book.

The judgment of the county court is reversed, and judgment for the plaintiff, including in the damages the three notes uncollected at the time of the audit and the interest.