BURR B. ANDREWS, Appellant, *v.* THE ÆTNA LIFE INSURANCE COMPANY OF HARTFORD, Respondent.

In an action to recover back premiums paid upon certain policies of life insurance issued by defendant, each of which when delivered contained a provision that the policy would "be good at any time, after three payments, for its equitable value," the complaint, after alleging the issuing of the policies and the payment of more than three years premiums, averred, in substance, that plaintiff, having concluded not to continue to pay premiums, demanded of defendant the equitable value of the policies, and on its refusal to allow the same, commenced an action to recover such equitable value ; that thereafter defendant notified plaintiff that said provision was inserted in the policies without its authority or consent, and set up such claim in the answer. Whereupon the plaintiff discontinued the said action, and paid the taxable costs thereof. *Held*, that assuming the first action was discontinued in consequence of said averments in the answer, defendant was not estopped, as it did not damage plaintiff, because whether the clause was part of the contract or not the former action could not have been sustained ; that the clause if binding upon defendant imposed no obligation upon the company to pay any thing until plaintiff's death ; it simply continued the policies in force for their equitable value in case no further payments were made.

It appeared upon the trial of this action that the notice referred to was a letter written to defendant's secretary, which, while it asserted that the clause was written in the policies without authority, stated that defendant was willing to perform it, and the answer in the former action which asserted that the clause was inserted without authority denied that defendant had refused to pay the equitable value. *Held*, that this was an unequivocal election on the part of defendant to affirm or ratify the alleged unauthorized act, and so the proceedings in the former action furnished no basis for an equitable estoppel.

The court refused to submit to the jury the questions as to the original validity of the policies, and whether they had been affirmed by defendant. *Held* no error; because, *first*, no such issue was tendered by the complaint ; *second*, the evidence of ratification was so conclusive there was no question for the jury.

A principal upon being informed of an unauthorized act of an agent has a right to elect whether he will adopt it or not, and so long as the condition of the parties is unchanged, cannot be prevented from such adoption by the fact that the other party prefers to treat the contract as invalid.

An election once made, however, is irrevocable.

(Argued May 4, 1883 ; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 2, 1882, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial.

This action was brought to recover back money paid by the plaintiff to the defendant for premiums on four policies of insurance on the life of the plaintiff, issued by the defendant November 17, 1866.

It is reported upon a former appeal in 85 N. Y. 334.

The policies when delivered, each contained the following clause : "And it is agreed that this policy shall be good at any time after three payments for its equitable value." The complaint after alleging the issuing of the several policies, and the payment by the plaintiff of cash premiums thereon to the amount of $875.25 on each policy, further alleged that prior to the 26th day of December, 1876, the plaintiff, having concluded not to continue the payment of premiums, demanded of the defendant the equitable value of the policies, which the defendant refused to allow further than

to surrender the notes of the plaintiff, had by the defendant, for the part of the premiums not paid in cash, being four notes of $491 each; that the plaintiff thereupon, on the 26th day of December, 1876, commenced an action in the Supreme Court to recover the equitable value of the policies; that after the commencement of said action the defendant notified the plaintiff that the clause in the policies, in respect to the payment of equitable value, was inserted without the consent or authority of the defendant, and plaintiff alleged that this was the first notice he had of such claim; that the defendant, in its answer in said action, alleged that the agent, who took the application of the plaintiff for insurance, inserted said clause without the knowledge or consent of the defendant, and without authority, " whereupon " (the complaint continues) " the plaintiff discontinued the said action, and paid the defendant the taxable costs thereof." The complaint concludes by demanding judgment for $5,061.11 (the amount of premiums paid in cash), with interest thereon, besides the costs of the action

Further facts appear in the opinion.

*R. A. Stanton* for appellant. If the policies had been altered without the knowledge or consent of the company, then they were not the contract of the company as they stood. The plaintiff never accepted any other contract than the policies as they stood with the non-forfeiture clause in them. (1 Parsons on Contracts, Book 2, chap. 2, § 1; *Barlow* v. *Scott*, 24 N. Y. 40; *White* v. *Continental Nat. B'k*, 64 id. 319; *Day* v. *N. Y. C. R. R. Co.*, 51 id. 591; *Eben* v. *Lorillard*, 19 id. 302; *Utter* v. *Stewart*, 30 Barb. 20; *Delavigne* v. *United Ins. Co.*, 1 Johns. Cas. 310; *Murray* v. *United Ins. Co.*, 2 id. 171.) A fact necessarily implied from the facts stated forms a part of the pleading as much as if specifically alleged, and a direct allegation of such fact is never necessary. (2 Wait's Pr. 315; *Farron* v. *Sherwood*, 17 N. Y. 230; *Prindle* v. *Caruthers*, 15 id. 426; *Hosley* v. *Black*, 28 id. 443; *Allen* v. *Patterson*, 7 id. 476.) Every element exists in the evidence upon which to base an estoppel against the de-

fendant as to the insertion of the clauses in question. (*Finnegan* v. *Carraher*, 47 N. Y. 493 ; *Abeel* v. *Van Gelder*, 36 id. 514 ;. *Trustees of Presbyterian Congregation* v. *Williams*, 9 Wend. 147 ; *Hall* v. *White*, 3 C. & P. 135 ; *Frost* v. *S. Mut. Ins. Co.*, 5 Denio, 157 ; Coke's Lit. 352, A. ; *Pickard* v. *Sears*, 6 A. & E. 469 ; *Muller* v. *Pondir*, 55 N. Y. 334 ; *Cont. Nat. B'k* v. *Nat. B'k Commw.*, 50 id. 575 ; *Mooney* v. *Elder*, 56 id. 233 ; *Bradner* v. *Howard*, 75 id. 417 ; *Glackin* v. *Zeller*, 52 Barb. 152 ; *Lambertson* v. *Van Buskirk*, 4 Hun, 628 ; *O. & M. R. R. Co.* v. *McCarthy*, 6 Otto, 258 ; *Brown* v. *Bowen*, 30 N. Y. 519, 540.) The doctrine of relation is an equitable fiction to protect and effectuate substantial rights. It is not a doctrine to be applied to cut off equities and to further wrongs, or cover up frauds or promote injustice. (*Gilbert* v. *Sharp*, 2 Lans. 414 ; *Bliss* v. *Cottle*, 32 Barb. 325 ; *Clark* v. *Peabody*, 22 Me. 530 ; *Fiske* v. *Homes*, 41 id. 442 ; *Gorham* v. *Gale*, 7 Cow. 737.) It was properly a question of fact for the jury, as to whether or not the company had affirmed or disaffirmed the policies with these clauses in them. (*Ritch* v. *Smith*, 82 N. Y. 627 ; *First Nat. B'k* v. *Morgan*, 73 id. 593 ; *Jellinghaus* v. *N. Y. Ins. Co.*, 8 Bosw. 282 ; *Justice* v. *Lang*, 52 N. Y. 323 ; *Harris* v. *N. Ind. R. R. Co.*, 20 id. 232 ; *Downs* v. *Sprague*, 2 Keyes, 60 ; *Le Roy* v. *Park F. Ins. Co.*, 39 N. Y. 56 ; *Hart* v. *Hudson R. B. Co.*, 80 id. 622 ; *First Nat. B'k* v. *Dana*, 79 id. 108 ; *Quick* v. *Wheeler*, 78 id. 300 ; *Newberry* v. *Wall*, 84 id. 576 ; *Backus* v. *Shipherd*, 11 Wend. 634 ; *Foot* v. *Wiswell*, 14 Johns. 304 ; *White* v. *Hoyt*, 73 N. Y. 506.) It was error to exclude proof of the advice which plaintiff's counsel gave him after the receipt of the letter of January 15, 1877, from the company in reference to the continuance of the action, by way of showing the object of continuing that action. (*Norton* v. *Mallory*, 63 N. Y. 434, 438 ; Abbott's Trial Evidence, 602, 655, 741 ; *Hall* v. *Suydam*, 6 Barb. 83.) It is too late on appeal for the defendant to raise the objection that the policies should have been surrendered by the plaintiff. (*Thayer* v. *Marsh*, 75

N. Y. 340; *Chase* v. *Higgins*, 1 T. & C. 229; *First Nat. B'k* v. *Church*, 3 id. 10; *Osgood* v. *Toole*, 60 N. Y. 475.)

*Isaac S. Newton* for respondent.   One who would disaffirm his contract on account of fraud, must do so at the earliest moment after its discovery, and surrender all advantages under such contract.   (*St. John* v. *Youmans*, 13 W'kly Dig. 355; *Bruce* v. *Davenport*, 5 Abb. [N. S.] 191.)   Assuming the clause to have been in fact inter-written without defendant's authority, the right to affirm or disaffirm rested with defendant alone. (*Keeler* v. *Salisbury*, 33 N. Y. 652; Story on Agency, §§ 239, 242, 244, 252, 256; 2 Johns. 424; *Com. B'k* v. *Warren*, 15 N. Y. 581.)   No man can be subjected to an action in respect to personal property in his possession, received by delivery, without personal wrong on his part, until he has refused to deliver it, upon a lawful demand, to the true owner.   (*Stevens* v. *Hyde*, 32 Barb. 181; *Mayor* v. *Erben*, 3 Abb. Dec. 259; *Downes* v. *Phœnix B'k*, 6 Hill, 297; *Payne* v. *Gardner*, 29 N. Y. 146.) As the proofs showed an absolute ratification it was a question of law.   (*Fowler* v. *Gold Exch. B'k*, 67 N. Y. 145; *Wilmot* v. *Richardson*, 2 Keyes, 145; *Morris* v. *Rexford*, 18 N. Y. 552; *Fishkill S'vgs Inst.* v. *National B'k*, 80 id. 170; *Goodwin* v. *Life Ins. Co.*, 73 id. 480; *B'k of Beloit* v. *Beale*, 34 id. 473; *Keeler* v. *Salisbury*, 33 id. 653; *Carter* v. *Hamilton*, 6 Selden's Notes, 80; *Watson* v. *Gray*, 4 Keyes, 385; *Harnett* v. *Garney*, 4 J. & S. 326; *Bennett* v. *Judson*, 21 N. Y. 238; *Ewell* v. *Chamberlin*, 31 id. 619; *Messenger* v. *Nat. B'k*, 6 Daly, 199; *Murray* v. *Binnenger*, 3 Keyes, 109; *Hoyt* v. *Thompson*, 19 N. Y. 218; *Law* v. *Cross*, 1 Black [U. S.], 539; *Fowler* v. *Exch. B'k*, 67 N. Y. 145; *Smith* v. *Tracy*, 36 id. 79; *Bredenbecker* v. *Lowell*, 32 Barb. 9; *Hazard* v. *Spears*, 4 Keyes, 469; *Cairnes* v. *Bleeker*, 12 Johns. 300; *Hanks* v. *Drake*, 49 Barb. 201–2; *Hope* v. *Lawrence*, 50 id. 258; *Lowenstein* v. *McIntosh*, 37 Barb. 251; *Johnston* v. *McAusland*, 9 Abb. 214; Herman on Estoppel, 466, 470, 471, 511.)   An officer of a corporation has the same power to ratify as an individual acting for himself.   (Green's Brice's Ultra

Vires [2d ed.], chap. 6, pp. 536, 546, 549, 555, 563 ; *Kelsey* v. *Nat. B'k of Crawford Co.*, 69 Penn. 429 ; Broom's Legal Maxims, 345, 380, 383 ; *Peterson* v. *Mayor*, 17 N. Y. 453 ; 2 Kent's Comm. 491.)   It is impossible to distort this contract into one for the payment of money, or into one for the issue of a new paid-up policy.   (*Worden* v. *Ins. Co.*, 39 Sup. Ct. 317; *Little* v. *Ins. Co.*, 5 Bigelow, 137 ; *Ohde* v. *Ins. Co.*, id. 145 ; *Hull* v. *Ins. Co.*, id. 558 ; *S. C.*, 39 Wis. 397.)

ANDREWS, J.   This action is brought upon the theory that the clause relating to equitable value, having been inserted in the policies without the authority of the defendant, and the plaintiff having accepted them, and subsequently paid the premiums on the supposition that the insertion was authorized and that the clause was binding upon the company, there was no meeting of minds upon the contract, and no consideration for the premiums paid, and that therefore the defendant is bound to restore the money received upon the unauthorized contracts. It is to be observed that the plaintiff in his complaint tenders no issue upon the actual fact, whether the clause was inserted without authority.   There is no averment that it was so inserted.   The complaint is apparently framed to preclude the inquiry.   It avers that the defendant notified the plaintiff that the clause was inserted without authority, and that thereupon he discontinued the former action.   It is an attempt on the part of the pleader to frame a cause of action upon facts constituting an equitable estoppel instead of averring the fact as to which the estoppel applies, and relying upon the estoppel, to establish the fact upon which the right of action depends.

This case has been once before in this court (85 N. Y. 334). The trial court on the first trial, directed judgment for the plaintiff, on the ground that the defendant was estopped from showing that the clause was properly inserted and was binding upon the company.   This direction was held to be erroneous, and the judgment was reversed.   The opinion on the former appeal considers the facts, upon which the plaintiff relied to establish the estoppel, and the conclusion was reached that they

were insufficient to establish it. The court on the second trial nonsuited the plaintiff on the ground that the case was controlled by the decision of this court on the first appeal.

It is claimed that the nonsuit was erroneous, upon two grounds ; *first*, that the case upon the point of estoppel was changed in material respects on the second trial, so as to obviate the objections to the former judgment on that ground ; and *second*, that the court erred in refusing to submit to the jury the question whether the equitable value clause was authorized, and further, whether if inserted without authority, the company had affirmed the policies after having been informed of its existence. Upon the point of estoppel we are of opinion that the case has not been materially changed. 1. The discontinuance of the first action, assuming that it was discontinued in consequence of the defendant's assertion in the answer in that suit, that the provision for equitable value was inserted without authority, did not damage the plaintiff, although in fact the assertion was untrue. Whether the clause was a part of the contract, or not, that action could not be supported. The clause if valid and binding upon the defendant, imposed no obligation upon the company to pay any thing on the policies, except in the event of the plaintiff's death. It simply continued the policy in force after three payments of premiums had been made, for its equitable value, in case no further payments should be made. The words " at any time," were inserted apparently to negative a possible construction that the election to discontinue further payments, in order to give the insured the benefit of the clause, must be made after three payments and before any further payments were made, and cannot reasonably be construed as imposing an obligation to pay the equitable value during the life of the insured. The plaintiff, therefore, never had a cause of action to recover the money, or equitable value of .the policies, assuming that the company was bound by the provision in question. He had elected to discontinue the payment of premiums .before any question arose as to the validity of the policies. His only right was to await the maturing of the contract, and leave to

his representatives after his death to demand its performance. Whatever reason, therefore, may have influenced the plaintiff to discontinue the first action, its discontinuance occasioned no legal damage.

.2. The first authoritative declaration on behalf of the company, that the equitable-value clause was inserted in the policies without authority, was made in the letter of January 15, 1877, written by the defendant's secretary to the plaintiff. But this assertion, as we construe the letter, was accompanied by an unequivocal election on the part of the company to affirm and ratify the alleged unauthorized act. The letter, after asserting that the claim was inserted without authority, and stating that the company knew nothing of the matter "until recently," proceeds: " But this is a point we do not wish to sustain here. We wish simply to convince you that the company is willing to grant all that you claim under that provision, even if it had been written at this office as a part of the policy." The letter then proceeds to argue the only question which up to that time had occasioned any controversy between the parties, viz. : whether the clause bound the company to pay the equitable value " in cash," as claimed by the plaintiff, or "in insurance," as claimed by the defendant. It is impossible to see how the commencement of the second action, and the incurring of expense and trouble in bringing it, can furnish a basis for an equitable estoppel, when the company, before it was commenced, although denying the original validity of the policies, nevertheless accompanied the denial with an election to affirm and ratify the disputed clause. It is unnecessary to refer to the other considerations bearing upon the alleged estoppel, presented on the argument. They are considered in our former opinion.

The exception to the refusal of the court to submit to the jury the question of the original validity of the policies, and whether they had been affirmed by the company, was not well taken. (1) No such issue was tendered by the plaintiff in his complaint. (2) The evidence of ratification is so clear and conclusive that a verdict to the contrary could not stand. The

company ratified the policies, by the letter of January 15, 1877, by its retention of the premiums after knowledge of the alleged alterations, and it has never repudiated its liability. It is true that the answer in the first action sets up that the equitable-value clause was inserted without authority, and constituted no part of the policies, but the same answer denies that it has refused to pay their equitable value, and also sets up the outstanding notes as counter-claims. But if the answer may be deemed to contain an absolute denial of the validity of the policies, the prior conduct of the company effectually precluded it from questioning their validity. The principal, upon being informed of an act of an agent in excess of his authority, has the right to elect whether he will adopt the unauthorized act, or not, and so long as the condition of the parties is unchanged, he cannot be prevented from such adoption because the other party to the contract may for any reason prefer to treat the contract as invalid, and his election, once made, is irrevocable.

We think the nonsuit was properly granted, and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.