## PARKS *v.* HAILEY.

1. That the court submitted to the jury for determination the question whether or not a certain gin, condenser, feeder, etc., were included in the term "ginnery," affords no ground of complaint to the defendant in this case.

2. Having held that it was not error as against the defendant for the court to submit to the jury for determination the meaning of the word "ginnery" and the extent of that term, it follows that the court did not err in permitting the witnesses to give testimony showing as a matter of fact what constitutes a ginnery.

3. The court did not err in excluding the testimony of a witness to the effect that such and such machinery was not a part of the property covered by the advertisement.

4. The court did not err in charging the jury as follows:  "The matter of advertising, and what was sold, you will have the advertisement with you; it is a part of this pleading; and from that I charge you that if it shows that the land sold at this time and also the ginnery was to be sold with it, and you find that this property in dispute was a part of that ginnery, then I charge you that the purchaser of the land bought with it the ginnery, and all things therein affixed as a permanent ginnery, whether they were nailed down or not nailed down, whether they were so attached that they could not be readily moved or not."

5. Where a ground of a motion for a new trial complains of the refusal of the court to permit counsel for a party to propound a certain question to a witness introduced by him, and in the ground it is alleged that a certain answer was expected by the party propounding the question, but the court refuses to certify that any statement as to what answer was expected was made to the court, that ground of the motion is without merit.

6. Even if it had been competent to prove the contents of the original advertisement as written out by the administrator and handed to the publisher, and to show that the published advertisement was broader in its terms than this original, the original advertisement was the highest and best evidence of the contents thereof; and in the absence of proof to show that the original was lost or destroyed or for some other reason inaccessible, the court properly excluded oral testimony as to its contents.

7. The court did not err, as against the defendant, in charging the jury as follows:  "I charge you that if you believe that this goes, that the land was sold with the ginnery, and that the ginnery was advertised as a part of the inducement to purchase this property, and it was so bought

by the understanding of the purchaser, and was so advertised, that then, regardless of any private intent of the representative to sell it, if the advertisement would authorize the public to understand that the ginnery, with all its fixtures, was to be sold with the land as a part of the land, and the purchaser bought with such understanding on his part, he would take whatever belonged with the ginnery, and would be entitled to it."

8. A ground of a motion for a new trial complaining of certain excerpts from the charge, which the court in a note states "is not certified as it stands, because it is detached from its connection" with certain other portions of the charge, will not be considered here, as it is not properly certified.

9. A ground of such motion complaining of an extract from the charge, the extract consisting of an uncompleted sentence which is without meaning as it stands and announces no proposition of law, is without merit.

10. The charges of the court complained of in certain grounds of the motion for a new trial, wherein the jury were instructed that in certain instances the "burden of proof rests on the defendant to prove his side of the case by the preponderance of the evidence as to his plea, the same as it was on the plaintiff to prove it in the first instance as to his side of the case," when considered in their proper .connection, clearly and unmistakably have reference to the defense of estoppel which was set up by the defendant; and so considered were not error.

11. The court did not err in charging the jury in the following language: "I charge you that the plaintiff is not bound to file a claim and make a case in court if his property is being sold, or about to be sold. This is simply a cumulative remedy. He may do it if he sees fit, or leave it off."

SEPTEMBER 18, 1914.

Action for damages from conversion. Before Judge Meadow. Hart superior court. January 31, 1913.

*A. G. & Julian McCurry,* for plaintiff in error.

*W. L. Hodges* and *A. S. Skelton,* contra.

BECK, J. W. I. Hailey brought suit against L. M. Parks, to recover damages for the conversion of certain property consisting of a certain 80-saw gin, feeder, condenser, cotton-press, scales, shafting and pulleys, cottonseed crusher, and belting. It was alleged in the petition that the plaintiff was the purchaser at administrator's sale of a certain lot of land and the "ginnery" thereon. The advertisement of this lot of land was as follows: "Lot No. 5 contains 132 acres, and is the home place of A. H. Parks, has about 20 acres original forests, 20 acres old field, 20 acres good bottom land, one good dwelling and outbuildings, one tenant-house, a ginnery, and an island containing 7 acres is included in the above lot; has plenty of water; also the ferry and fixtures belong to the above lot." The

petition alleges also that subsequently the administrator sold the personal property set forth above, and that certain named parties became the purchasers thereof, and that the latter in their turn sold to the defendant. The defendant was the administrator referred to, but he was sued individually, he having bought the personal property as an individual from the purchasers at administrator's sale. The defendant denied that the plaintiff in purchasing the property described in the advertisement quoted above obtained title to the personalty sued for; and he set up the further defense that if he did obtain title to this personalty in the sale first referred to, when it was subsequently sold by the administrator the plaintiff stood silently by and saw it sold without making known to the bidders that he claimed title thereto, and that consequently he is estopped from now setting up his title to the property involved in this suit. The jury returned a verdict for the plaintiff.

1. Much might be said to support the contention that the court could as a matter of law have instructed the jury that the title to the property involved in this suit passed to the plaintiff when he purchased lot No. 5, referred to in the advertisement, and the "ginnery" thereon. But the court did not undertake to decide this question of law; instead of doing so, he submitted to the jury and permitted them to say whether or not the property involved in this suit was included in the term "ginnery," and in doing this there was no error of which the defendant could complain.

2. The court did not err in allowing a witness to testify that "the gin consisted of a certain 80-saw gin, feeder and condenser, cotton-press, scales, shafting and pulleys, and cottonseed crusher, and belting, all of said articles connected with and constituting said ginnery." It seems to us that the word "gin" as first used in the sentence quoted was evidently intended for "ginnery," and the jury must have so understood it. And if it was a question of fact for the jury to determine what was included under the term "ginnery," it was proper for the court to allow the witness to give evidence tending to show what constituted a ginnery.

3. The court did not err in refusing to allow a witness for the defendant to testify that certain parts of the machinery "were not a part of the stuff advertised with the land." The advertisement itself was in evidence and showed what was advertised. It may be that it was intended by this testimony to show that the parts of the

machinery referred to were not included in the term "ginnery," and it would have been competent, under the ruling made above, for the defendant to show this by evidence; but we do not think it was competent for the witness to state generally such and such property "was not a part of the stuff we advertised with the land."

4. The following charge of the court is complained of: "The matter of advertising, and what was sold, you will have the advertisement with you; it is a part of this pleading, and from that I charge you that if it shows that the land sold at this time and also the ginnery was to be sold with it, and you find that this property in dispute was a part of that ginnery, then I charge you that the purchaser of the land bought with it the ginnery, and all things therein affixed as a permanent ginnery, whether they were nailed down or not nailed down, whether they were so attached that they could not be readily moved or not." We do not think there was any error in this charge. While the property was sold under an order of the court of ordinary authorizing a sale of realty, we think that the gin-house which was on the land and also the fixtures in the gin-house and such articles of personal property as constituted the entire plant of the ginnery could all have been sold together; and if, as the court stated to the jury, the articles involved in this suit were a part of the ginnery, then title passed with the ginnery to the plaintiff.

5-11. The rulings made in headnotes 5, 6, 7, 8, 9, 10, and 11 require no elaboration. The other grounds of the motion are without merit.          *Judgment affirmed. All the Justices concur.*