25624. ELLIS *v.* RUDESEAL.

Decided July 16, 1937.

*M. B. Eubanks,* for plaintiff in error. *Maddox & Griffin,* contra.

Stephens, P. J. 1. Actual delivery to the grantee of personal property sold is not essential to the passage of the title, where the property is sold under a written bill of sale passing the

title. *Nolley* v. *Elliott,* 50 *Ga. App.* 382 (178 S. E. 309); *Burney* v. *Ball,* 24 *Ga.* 505 (3). A bill of sale to personalty, whereby the grantor, for a recited valuable monetary consideration, does "grant, bargain, sell, and convey unto" the grantee named, all of the described personalty, although the property is not actually delivered to the grantee, passes title to the property to the grantee.. Although the bill of sale was made by the grantor, with knowledge of the grantee, to defraud the grantor's creditors, it is nevertheless an executed contract of sale passing title to the grantee; and although the recited purchase-price has not been paid and the grantor owed the grantee nothing, and the grantee never had possession, but the grantor, where the grantor and the grantee lived together, intended that the grantee should take possession of the property and hold the property for the grantor so that the grantee could claim it, the grantee acquired title to the property and the right to its possession. The grantor is estopped to deny the validity of the bill of sale and title in the grantee, on the ground of fraud in the execution of the bill of sale for the purpose of defeating the grantor's creditors. *Parrott* v. *Baker,* 82 *Ga.* 364 (4), 371, 373 (9 S. E. 1068). See also *Hall* v. *Simmons,* 125 *Ga.* 801 (54 S. E. 751); *Goodwyn* v. *Goodwyn,* 20 *Ga.* 600; *Harrison* v. *Hatcher,* 44 *Ga.* 638; *Bush* v. *Rogan,* 65 *Ga.* 320 (38 Am. R. 785); *Beard* v. *White,* 120 *Ga.* 1018 (48 S. E. 400); *McCleskey* v. *Leadbetter,* 1 *Ga.* 551; *Allen* v. *Hollis,* 31 *Ga.* 143; *Whatley* v. *Mitchell,* 24 *Ga. App.* 174 (100 S. E. 229). The grantee may recover the property in a suit in trover against the grantor.

2. On the trial of a suit in trover brought by the grantee against the grantor, to recover the property described in the bill of sale, and other property, where under the above rulings the evidence demanded the finding, as a matter of law, that title to the property described in the bill of sale was in the plaintiff, a charge of the court to the jury, that the defendant was estopped to deny the validity of the plaintiff's title to the property described in the bill of sale, and that the plaintiff was entitled to recover the value of the property described therein, was not error on the ground that the evidence was conflicting as to whether the plaintiff had title, or that the plaintiff, as a matter of law, was "not entitled to recover upon the evidence." Also, under the

above rulings, it was not error to refuse a request by the defendant to charge the jury that if the bill of sale was made by the defendant to defraud his creditors, and the plaintiff had knowledge of the purpose for which the bill of sale was made and "concurred therein," and if the defendant retained possession of the property and continued to use it, and the plaintiff never obtained possession of the property, a verdict for the defendant should be rendered; or, that if the bill of sale to the property was made in good faith by the defendant to secure a debt owed to the plaintiff, but if the defendant retained possession of the property and the use of the property, the bill of sale would not pass title to the plaintiff, but would have the effect only of a mortgage whereby a lien only on the property was created; or, that a delivery of the property to the plaintiff was essential to the passing of the title, and that if the plaintiff never acquired possession of the property he could not recover, and the verdict should be for the defendant.

3. The amount of the verdict for the plaintiff nowhere appearing from the record, nothing for determination is presented in the assignment of error that the verdict was excessive.

4. The evidence authorized the inference that the title to all the property sued for was in the plaintiff, and was sufficient to authorize a finding by the jury as to its value, and that the defendant had converted it to his own use. The verdict for the plaintiff was authorized, and no error appears. See response of the Supreme Court to a certified question in this case. *Ellis* v. *Rudeseal,* 184 *Ga.* 519 (191 S. E. 913).

*Judgment affirmed. Sutton, J., concurs.*

FELTON, J., dissenting. It seems to me that the court erred in giving the following charge to the jury: "The plaintiff in this case having introduced a bill of sale to personal property therein described, and the defendant having admitted execution thereof, I charge you that this bill of sale would convey title therein described to the plaintiff, Mr. Rudeseal, and that the defendant, Mr. Ellis, is estopped from denying the same," for the reason that inasmuch as a writing is not a prerequisite to the validity of a gift of personal property, if there was in fact neither a valuable nor a good consideration for the bill of sale, the conveyance by the bill of sale was a gift which did not become complete and

executed until actual delivery. The Code, § 48-104, declares: "When the law shall require a conveyance in writing to the validity of a gift, or the conveyance shall be made for a good consideration, such conveyance, executed and delivered, shall dispense with the necessity of a delivery of the article given. *A gift in writing, without good consideration and without delivery, shall be void.*" (Italics mine.) This being true, and the contract being immoral if the contentions of the defendant are true, the law will not aid either party, but will leave them exactly where it finds them. This case is distinguishable from those wherein a conveyance in writing is held to take the place of delivery because of the *legal requirement* that the conveyance must be in writing, or where it takes the place of delivery because of the existence of a good or valuable consideration. The portion of the charge quoted herein deprived the defendant of his defense that the conveyance was made for the purpose of hindering, delaying, and defrauding creditors, and was without valuable or good consideration; and that there was no actual delivery, and therefore that no title passed and the gift was void.