## 34902. PADGETT *v.* COLLINS.

DECIDED MARCH 12, 1954.

*Anderson & Trapnell,* for plaintiff in error.

*Williams & Smith, George H. Lane,* contra.

QUILLIAN, J. ■ The evidence has been set out somewhat in in detail because it consists only of the testimony of the plaintiff, and it is all material to the sole issue to be determined, which is whether or not the trial court erred in granting a nonsuit. It is well settled that, even though a petition may not set out a cause of action, if the plaintiff proves every fact charged, without at the same time disproving his right to recover by establishing the existence of other undisputed facts which show that he is not entitled to a verdict, it is not proper to award a nonsuit. *Clark*

v. *Bandy*, 196 *Ga.* 546 (27 S. E. 2d 17). Conversely, where the plaintiff proves every fact charged, but at the same time establishes other undisputed facts which show that he is not entitled to a verdict, it is proper to award a nonsuit. *Rountree v. Seaboard Air Line Ry. Co.*, 31 *Ga. App.* 231, 236 (120 S. E. 654).

The evidence of the plaintiff shows conclusively that, for a period of time up until approximately four months prior to the transaction here involved, Vance Martin was his agent to purchase and sell automobiles. In this connection he gave Martin two checks, signed in blank, leaving the date, payee, and amount to be filled in. He sent Martin to Leesville, South Carolina, where his agent purchased an automobile with one of these checks. Subsequently and about four months before the transaction here involved, he discharged Martin as his agent, and testified unequivocally that at the time of this transaction Martin was not his agent, but he neglected to recover from him the other check signed in blank. Martin took this check to Valdosta, Georgia, where the plaintiff had not sent him, and, after the termination of the agency, purchased there the automobile which is the subject matter of this litigation from Hewett Auto Auction, which sold it on behalf of J. E. Mims of Tampa, Florida. Following this transaction, the plaintiff received, as his first notice thereof, a bill of sale for the automobile through the mail. Instead of accepting it and thereby ratifying the transaction, Padgett immediately attempted to stop payment on the check, and thereby repudiated the transaction. The check having already cleared, he then contacted the seller and procured another bill of sale, in which the blank check signed by the plaintiff and given by Martin was shown as the consideration of the transaction.

In order for the plaintiff to recover, the evidence must show a sale of the property by Mims, the owner, through Hewitt Auto Auction, to the plaintiff. The latter, if a party to the transaction at all, was such in his capacity of principal of his agent, Vance Martin. He testified unequivocally that Martin was not his agent and had not been for over four months prior to this sale. Still, the thought might arise as to whether the plaintiff, after Martin's purchase of the car with his funds, ratified this act. If the plaintiff in this trover action has title or right of possession of the automobile in question, in face of the testimony that Martin was not

his agent or acting by his authority in purchasing the car, such right must arise by virtue of ratification of the unauthorized act. The burden of proving a ratification is on the party asserting it. *DeVaughn v. McLeroy*, 82 *Ga.* 687 (4d) (10 S. E. 211). It is well settled that a principal cannot ratify the acts of an agent so as to affect the intervening rights of third parties. *Graham v. Williams*, 114 *Ga.* 716 (1) (40 S. E. 790); *Dalton Buggy Co. v. Wood*, 7 *Ga. App.* 477 (3) (67 S. E. 121). The evidence here fails to show exactly when the sale by Martin was made to the defendant, but "a vendor of personal property impliedly warrants the title thereto, and a bona fide purchaser thereof for value, without notice of any infirmity in the vendor's title, will be protected against loss on account of the same." *Malsby & Co. v. Widincamp*, 24 *Ga. App.* 737 (1) (102 S. E. 178). Accordingly, the defendant here had a right to presume that Martin had title to the property when he purchased it, and the burden was on the plaintiff to show his right to recover, either through an authorized act of his agent in purchasing the car for him, or a ratification of an unauthorized act made at a time when it did not prejudice the rights of innocent third parties.

Code § 96-101 provides as follows: "Three elements are essential to a contract of sale: 1. An identification of the thing sold. 2. An agreement as to the price to be paid. 3. Consent of the parties." The identification as to such sale as was consummated of the thing sold is well established in satisfaction of the first requirement. The price thereof was well established in satisfaction of the second requirement. As to the third requirement, there was consent of the parties and a valid sale. In order for these parties to be the vendor Mims and the vendee Padgett, the latter must have been represented by an agent authorized to act in his behalf, or he must have ratified the contract at a time when such ratification did not affect the intervening rights of the third person, Collins, the defendant here. Insofar as the case is laid on the proposition that the plaintiff was represented by an agent with authority to buy the car, the case is not proved as laid. Insofar as it is laid on the proposition that the plaintiff ratified the acts of Martin who purported to act in his behalf, the testimony of the plaintiff to the effect that Martin presented a check signed by him in payment of the car and received a bill of sale thereon made

out to the plaintiff, is sufficient to present a jury question as to whether or not Martin was purporting to act for the plaintiff. However, in order to establish the case as laid on this theory, the plaintiff must go one step further and show that he ratified the transaction at such time and in such manner as not to affect the intervening rights of the third-party defendant. In this respect the evidence of the plaintiff fails. In the first place, Padgett refused to accept the bill of sale first received by him, and by undertaking to stop payment on the check repudiated the transaction. His later effort to ratify it fails to carry with it also evidence showing that he did this at a time and in a manner not affecting the intervening rights of the defendant. As previously pointed out, this is an essential element of the plaintiff's case as to which the burden of proof rested upon him to establish. No sale of the property to the plaintiff through an authorized agent is shown by the evidence. The sale to the plaintiff shown by the evidence on the theory that he ratified an unauthorized act of a person purporting to act in his behalf fails to show that such ratification came about at a time and in a manner so as not to affect the intervening rights of the defendant. In a trover action, to establish a prima facie case, the plaintiff must show title or the right of possession in himself. *Jones* v. *McCowen,* 34 *Ga. App.* 801 (131 S. E. 290); *Perdue* v. *Griffin,* 32 *Ga. App.* 100 (1) (122 S. E. 713). The plaintiff here was never in actual possession of the property, and based his action upon the theory that he held the legal title. The burden was therefore upon him to show a valid *legal* title as against the defendant, and under such circumstances the fact that he might have equitable title by reason of having paid the purchase money would not be sufficient. *Southern Discount Co.* v. *Elliott,* 86 *Ga. App.* 50 (70 S. E. 2d 605). To show such legal title in himself, it was necessary for him to prove that he ratified the unauthorized act of his purported agent prior to the purchase of the property by the defendant, who was an innocent third party, because, unless he did so, his act would not relate back to Martin's original purchase so as to vest the title in himself. This he failed to do, and accordingly he failed to prove his case as laid.

■ The evidence without question authorizes a finding that the plaintiff here had an equitable title to the automobile. The legal

title, however, was vested in Martin. Recognizing this principle, the plaintiff cites and relies on *James* v. *Newman,* 73 *Ga. App.* 79 (35 S. E. 2d 581) as authority for his right to recover under the evidence in this case. That case and the case at bar are similar factually, and here as in that case the right of the plaintiff to recover is based upon his occupying the legal status of the beneficiary of an implied trust. In the *James* case the plaintiff's husband purchased an automobile with her funds, took title to it in his name, and finally left it in the possession of a third party to keep for him. This court, in an opinion written by Judge Parker, held that the plaintiff was, in the circumstances related, entitled to recover the property in a trover suit brought against the person into whose possession the plaintiff's husband had delivered it. In the instant case it is true that Vance Martin did, without authority or permission, purchase the automobile with the plaintiff's check. He did, just as did the plaintiff's husband in the *James* case, hold the automobile in trust for the plaintiff. The plaintiff could have instituted a trover action against him or any person holding the automobile for his benefit. But, just at that stage this case and the *James* case depart from each other so widely in factual pattern that each is controlled by distinct principles of law. The departure lies in the fact that in the *James* case the property remained in the control of the trustee and was held for his benefit by the defendant, while in the instant case the chattel in question was sold for value by the trustee to a bona fide purchaser who had no knowledge or notice of the plaintiff's equitable title. It will here be observed that, when one purchases property with another's funds, the latter is immediately vested, not with the legal title, but as a beneficiary of a constructive trust with an equitable title to the property. Code § 108-110. While this equitable title can, as held in the *James* case, be asserted by trover against the trustee or those holding the property for him, it cannot be asserted against one who, like the defendant here, occupies the position of a bona fide purchaser of the property for value and without notice of the equitable title of a beneficiary of a trust. Code § 108-416; *Parker* v. *Barnesville Savings Bank,* 107 *Ga.* 650 (1) (34 S. E. 365) ; *Gorman* v. *Wood,* 68 *Ga.* 524 (1) ; *Dill* v. *Hamilton,* 118 *Ga.* 208 (44 S. E. 989) ; *Hathorn* v. *May-*

*nard*, 65 *Ga.* 168 (1) ; *Southern Discount Company* v. *Elliott*, supra; 54 Am. Jur. 209, Trusts, § 266.

The trial court did not err in granting a nonsuit.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, and Nichols, JJ., concur. Felton, C.J., concurs specially.*

FELTON, C. J., concurring specially. ■ The defendant's answer alleged that the automobile sued for was sold to F. & M. Auto Sales, of Statesboro, Georgia, on December 29, 1952, that the defendant was a member of the firm, and that the title to the automobile was in F. & M. Auto Sales. The nonsuit was properly granted for the reason that the action was brought against the defendant individually, and there was no evidence that the defendant was in possession of the property or individually converted it to his own use.

■ I do not concur in the majority ruling to the effect that the purchaser from Martin obtained title to the automobile as a matter of law, or that the plaintiff was estopped to deny such purchaser's title. When the check used by Martin left the plaintiff's possession all spaces were blank except the plaintiff's signature as maker. The auctioneer's name was put in the check as payee. The evidence does not show when the payee's name was filled in, or whether the auctioneer knew that it was delivered to Martin with the space for the payee left blank. Whether Martin filled in the blanks before the auctioneer knew the spaces were blank, the fact that the auctioneer's name was put in the check as the payee is one of the facts to be considered in determining whether Martin was purporting to act as agent for the plaintiff. Of course, I realize that Martin did not have authority to act, but the question is whether he was purporting so to act. If he was, his principal could ratify his acts. Since the check was made out to the auctioneer and Martin was not even required to indorse it, I think that the money purchasing the automobile belonged to the plaintiff. The auctioneer, acting for the owner, evidently thought so because it procured a bill of sale from the owner to the plaintiff. The owner would not ordinarily execute two bills of sale to two different people to the same automobile. I do not agree that the evidence shows that the plaintiff repudiated the act of Martin. It shows only that he so intended. Even if he did repudiate it at first, he could still

ratify it unless Collins relied on his prior renunciation. Woodward v. Harlow, 28 Vt. 338; Neely v. Jones, 16 W. Va. 625 (37 Am. R. 794); Warder &c. Co. v. Cuthbert, 99 Iowa 681 (68 N. W. 917); Sloan v. Johnson, 20 Pa. Super. 643; Andrews v. Aetna Life Ins. Co., 92 N. Y. 596; Mechem, The Law of Agency, (2d ed.) Vol. 1, § 489, p. 359; 2 C. J., Agency, § 79, p. 468. I think that the plaintiff ratified the acts of Martin if Martin was purporting to act for him. If such ratification took place, the title to the car passed to the plaintiff, and he would be entitled to recover it from whoever received it from Martin. The acts of Martin were equivalent to a forgery of the check. If a forgery can be ratified, certainly the purchase here could be. *Southern Federal &c. Assn.* v. *Firemen's &c. Assn.*, 72 *Ga. App.* 663, 666 (34 S. E. 2d 674); *Groover* v. *Savannah Bank & Trust Co.*, 60 *Ga. App.* 357 (3 S. E. 2d 745). I do not agree that Martin got a legal title and the plaintiff an equitable title, and that the rights of an innocent third person intervened to prevent the plaintiff's ratification. This might have been the result if Martin had *secretly* used the plaintiff's money and had bought the automobile as an individual. Under the facts the legal title passed immediately to the plaintiff, subject to his right to repudiate the transaction if Martin was purporting to act as agent. The purchaser from Martin was not misled by anything the plaintiff did, and the plaintiff would not be estopped to claim the property. The sole question is: who had the legal title to the automobile? The purchaser from Martin relied only on Martin's possession, so far as the evidence shows; and the mere negligence of an owner in putting personal property in the possession of another so that he is given the opportunity to dispose of it is not sufficient to estop the owner. So far as the purchaser from Martin is concerned, that is all the plaintiff was guilty of. *Singer Sewing Mach. Co.* v. *Wardlaw*, 29 *Ga. App.* 626 (1) (116 S. E. 207); *Consolidated Co.* v. *Citizens Bank*, 32 *Ga. App.* 113, 114 (3) (122 S. E. 732); *Guthrie* v. *Hendley*, 56 *Ga. App.* 438 (193 S. E. 80); *Burpee* v. *Athens Production Credit Assn.*, 65 *Ga. App.* 102, 107 (15 S. E. 2d 526); *Citizens Bank* v. *Mullis*, 161 *Ga.* 371 (2) (131 S. E. 44). The purchaser from Martin is not shown to have relied on the belief that Martin bought the automobile individually and not while purporting to act as the agent of the

plaintiff. There is no question of the relative rights of two innocent parties. The plaintiff was not innocent for the reason that he signed a blank check and delivered it to Martin. The evidence does not show that the purchaser from Martin was an innocent purchaser. In fact, it would be impossible to prove that he was. He, or they, either bought the property without making an inquiry as to Martin's title or he, or they, made inquiry; and if inquiry had been made, it would have revealed that Martin was not the owner of the automobile. The real question is, which of two *negligent* parties should prevail? The law happens to be on the side of the plaintiff. The ruling in *Graham* v. *Williams*, 114 *Ga.* 716, on the question of the intervention of the rights of third parties, is obiter. First, because there was no evidence of intervening rights, and second, because the judgment was based on another ruling which completely justified the grant of a nonsuit. The ruling in *Dalton Buggy Co.* v. *Wood*, 7 *Ga. App.* 477, does not support the majority ruling in this case because in that case, even considering the discussion of intervening rights as not being obiter (and there was no evidence of a legal ratification), the principle was applicable because the liens attached by operation of law, and any attempt at ratification would have been a self-serving act by which the operation of law would have been circumvented. *Evans* v. *Coleman*, 101 *Ga.* 152 (28 S. E. 645), also involved a lien created by law. I agree that intervening rights of innocent third persons may sometimes preclude ratification, but such a result, in my opinion, only obtains automatically by operation of law. There is another principle which will prevent ratification from interfering with the intervening rights of third persons, and that is estoppel against the principal. Operation of law did not preclude ratification in this case because Martin did not have title to the property and therefore could not transfer it. There is no evidence showing that the plaintiff was estopped. There is no evidence that Martin sold the automobile *before* the plaintiff ratified its purchase, even if such would make any difference, which I do not concede. Even if Martin sold the automobile before his purchase was ratified, there is no evidence that the purchaser knew that Martin had been a salesman for the plaintiff, so that he might have relied on Martin's apparent authority to sell under the principles of Code § 96-207. There is no

evidence that the auctioneer or Martin's transferee had reason to believe that Martin got title to the automobile by buying it as an individual.

A written bill of sale passes title to personalty without an actual delivery of the personalty (*Ellis* v. *Rudeseal,* 56 *Ga. App.* 210, 192 S. E. 554; *Nolley* v. *Elliott,* 50 *Ga. App.* 382, 178 S. E. 309; *Burney* v. *Ball,* 24 *Ga.* 505 (3)); and the plaintiff made out a prima facie case by proving his ratification by accepting the bill of sale. If the defendant claimed an intervening equity or right or title by estoppel, it was incumbent on him to plead and prove it. Estoppel, in a case like this, is an affirmative defense and must be pleaded by the defendant. *Carter* v. *Carter,* 207 *Ga.* 460 (62 S. E. 2d 171); *Bennett* v. *Davis,* 201 *Ga.* 58, 63 ( 39 S. E. 2d 3); *Hughes* v. *Cobb,* 195 *Ga.* 213, 231 (23 S. E. 2d 701); *Hartsfield Loan &c. Co.* v. *Garner,* 184 *Ga.* 283, 284 (2) (191 S. E. 119); *Seaboard Air-Line Ry. Co.* v. *Holliday,* 165 *Ga.* ·200, 207 (140 S. E. 507); *Hightower* v. *Blakely Lumber Co.,* 163 *Ga.* 776 (137 S. E. 22); *Jackson* v. *Lipham,* 158 *Ga.* 557 (3) (123 S. E. 887); *DeVore* v. *Baxter,* 155 *Ga.* 109 (3) (116 S. E. 610); *Irvine* v. *Wiley,* 145 *Ga.* 867, 868 (3) (90 S. E. 69); *Harris* v. *Neil,* 144 *Ga.* 519 (2) (87 S. E. 661); *Parks* v. *Hailey,* 142 *Ga.* 391 (10) (83 S. E. 100); *Calloway* v. *Irvin,* 123 *Ga.* 344, 351 (51 S. E. 477); *Tuells* v. *Torras,* 113 *Ga.* 691, 698 (39 S. E. 455); *Trice* v. *Rose,* 80 *Ga.* 408 (7 S. E. 109); *Jones* v. *Courts,* 64 *Ga. App.* 239, 252 (12 S. E. 2d 446); *Loftis Plumbing &c. Co.* v. *American Surety Co. of N. Y.,* 74 *Ga. App.* 590 (2) (40 S. E. 2d 667).

Any presumption of title that may have arisen in favor of the defendant by reason of his mere possession—assuming that possession had been proved—vanished when the plaintiff proved his title by showing a ratification of Martin's acts by the acceptance of a bill of sale to the automobile. If Martin did impliedly warrant title in the automobile by reason of his purported sale to the defendant, such warranty would not have the effect of vesting in the defendant title which he did not otherwise have.