Judgment reversed.

A. J. WELLS, tenant in possession, plaintiff in error, vs. D. A. WALKER, guardian, lessor, defendant in error.

[1.] The defendant introduced a deed purporting to be the deed of B. S. After the evidence had closed, the plaintiff offered a witness, to prove the deed a forgery.   The defendant objected to the proof, insisting, that it came too late; and, if not, that there was better evidence, namely: that of the subscribing witnesses; and also that the proposed evidence was irrelevant.
*Held,* That the objection was not good.

2.] The principle, that a *bona fide* purchaser, *without notice, is protected,* applies only where the legal title is in one person, and the equitable title in another.

Ejectment, in Gordon Superior Court. Tried before Judge ·Crook, April Term, 1859.

This was an action of ejectment by Doe, *ex dem.*, Dawson A. Walker, guardian of the minor children of Amos Lane, against Roe, casual ejector, and Andrew J. Wells, tenant in possession, to recover lot of land No. 282, in the 13th district and 3d section of originally Cherokee now Gordon county.

This case has been before this Court on several occasions heretofore, and it is unnecessary to set out its facts minutely (See 26 *Ga. Rep. p.* 390.) And the points adjudicated will be fully understood from the opinion below pronounced by this Court.

The jury, under the evidence and the charge of the Court, found for the plaintiff the land in controversy and fifty dollars for mesne profits.

Whereupon, defendant moved for a new trial on the following grounds:

1st. Because the Court erred in admitting the testimony of J. A. W. Johnson, to prove that the deed from Berry Stephens to Absalom Holcomb was in the handwriting of Holcomb —Johnson not being a subscribing witness to said deed, and because said testimony was irrelevant.

2d. Because the Court erred in refusing to charge the jury as requested by defendant's counsel, that parol testimony may be admitted to explain a latent ambiguity in a written instrument, but they are to yield to such evidence only when it is entirely satisfactory; and in charging that no greater evidence was required in this case than in any other.

3d. Because the Court erred in refusing to charge as requested, " that a *bona fide* purchaser of land, without notice of fraud or defect in the title, will be protected;" but charged, that although this was true, yet it did not apply to this case, and that if they believed that no such person as Berry Stephen's orphan lived in the 633d district of Dooly county, at the time that draws for the Cherokee land lottery were given

in, and that the name given in for Berry Stephens's orphan, was intended for William H. Stephens, the orphan of Berry Stephens, then they must find for the plaintiff.

4th. Because the Court refused to charge as requested by defendant, " that in this case the list of persons who gave in for draws in the 633d district of Dooly county, would be higher evidence than parol proof;" but charged that the production of this list was only one mode of proving who gave in, but was not higher and stronger than parol testimony.

5th. Because the Court charged the jury, that if they believed that Absalom Holcomb *forged* the name of Berry Stephens to the deed from the latter to Holcomb, then the deed was void.

6th. Because the verdict was contrary to the charge of the Court.

7th. Because the verdict was contrary to the evidence and the weight of evidence.

The Court refused the motion for a new trial, and defendant excepted and assigns said refusal as error.

W. T. WOFFORD, for plaintiff in error.

D. A. WALKER, *contra*.

*By the Court.*—BENNING J. delivering the opinion.

Was the Court right in overruling the motion for a new trial? We think so.

The motion was placed on seven grounds. These will now be examined.

First ground. The defendant had introduced in evidence, a deed purporting to be the deed of Berry Stephens. After the evidence had been closed on both sides, and the Court had " directed counsel, to proceed to address the jury, the plaintiff moved the Court for leave to introduce J. A. W. Johnson, to prove" the deed, a forgery. Johnson was not a subscribing witness to the deed. The defendant objected to his

introduction—contending, that the offer to introduce him, came too late, and that, even if it did not, there was better evidence; namely, that of the subscribing witnesses. The Court overruled the objection, and that decision makes the first ground of the motion ; in which ground, however, the defendant took the additional position, that the evidence of Johnson was irrelevant.

None of these grounds was, in our opinion, good. It is a matter of discretion with the Court, whether, after the evidence has closed, additional evidence shall not be received. And decisions, in matters of discretion, are not to be disturbed, unless they show abuse of the discretion. No abuse of discretion, is apparent here. The delay was inconsiderable ; the defendant did not say, he was surprised, or ask for a continuance.

The deed signed, Berry Stephens, was already before the jury; it had been read to them, (it being probably a recorded deed,) by the defendant, as a part of his evidence. Therefore, it was to be considered and treated, as a deed subject to be attacked by the same sort of evidence by which, it would have been subject to attack, had it been read to the jury, on the evidence of its subscribing witnesses. And if it had been read to the jury on the evidence of its subscribing witnesses, it would, we may assume, have been subject to be attacked, by the evidence of any person acquainted with the handwriting of the person whose name was signed to it.

The testimony was relevant, if the deed was relevant, and the defendant it was who introduced the deed as evidence. That the evidence attacking the deed, was irrelevant, was, therefore, an objection that did not, if true, lie in his mouth.

[1.] So we think that none of the objections to the evidence, was good ; and therefore, we think, that the first ground of the motion was untenable.

Second ground. It is sufficient to say, that if the evidence was "entirely satisfactory," the charge, if wrong, did no harm; the verdict would have been the same that it was, had the

charge been what it was requested to be.   What the evidence really was, we cannot tell, for, though it is referred to, as annexed to the bill of exceptions, it is not  there annexed; nor is it to be found, elsewhere, in the record.   It may be, therefore, that it was "entirely  satisfactory;" and we must presume that it was, as the *onus* is always on him who alleges an error, to show the error.

Third ground.   This ground consists of two parts, the refusal to give a charge requested ; the charge given.

[2.] The request was, to charge the principle, *that a bona fide* purchaser, without notice, is protected.   The Court said, that this was a principle which did not apply to the case, and refused the request.   Did the principle apply to the case ? Clearly not.   This principle applies to a case *in* which, the legal title to the property, is in A., and the equitable title in B., and C. purchases the property from  A. without notice of B's equitable title.   But the present was not a case in which, the legal title to the land, was in  Berry  Stephens, and the equitable in Wm. Henry Stephens.   If either of them had any title, he had the whole title, both legal and  equitable.

The first part of the ground, then, was not good.

The charge was clearly  right; no argument is needed, to show, that it was right.

So the second part of the ground was not good.

Fourth ground.   There was no "list of persons who gave in for draws," in  evidence.   It was improper, therefore, in the plaintiff in error, to request any charge about  such a list. And, for the same  reason, the charge, as given, could do no harm, if wrong, provided  the parol  evidence  was, in  itself, sufficient to show, that Wm. H. Stephens, and not Berry Stephens, was the person  for  whom  the  draw  was given in ; and, as the plaintiff in error has failed to bring before us that evidence, we are bound to presume, that that  evidence  was sufficient to show, that fact.    But we do not  say,  that the charge was wrong.   We say nothing on the question wheth-

er it was or was not wrong.    It is sufficient, that it did no harm.

Fifth ground.    We see no error in the proposition, that a forged deed is void.

Sixth and Seventh grounds.    Much of the evidence not having been sent up to this Court, we are unable to say, that these grounds were true.

Judgment affirmed.