## THARP vs. ANDERSON.

The defendant, against the consent of the plaintiff, employed a negro man belonging to the plaintiff, to cut timber for him. While. so engaged, the negro received an injury from the fall of a tree, from which the negro, after being returned to the plaintiff, died. *Held*, for this defendant is liable, in Trover, for the negro.

Trover, in Heard Superior Court. Decision made by Judge HAMMOND, at the March Term, 1860.

This was an action brought by the plaintiff against the defendant, to recover damages for the alleged conversion of a negro man slave named Jeff, of dark color, twenty years old, worth twelve hundred dollars, and worth, for hire, one hundred and fifty dollars per annum.

The testimony on the trial disclosed the following state of facts, to wit:

In the month of July, 1858, the defendant applied to one Joshua F. A. Tharp, who was at the time the superintendent of the business, plantation and hands of the plaintiff, to permit him, the defendant, to employ the negro boy Jeff (which was one of the hands belonging to the plaintiff, and then under the control of the said Joshua F. A. Tharp) to work for him, which application was refused; that, notwithstanding such refusal, the defendant went on and employed said negro boy without the consent of the plaintiff, or of said superintendent, to cut logs, and that in cutting down a tree, it fell and lodged between two other trees, and could not fall to the ground until it was cut off from the stump; that the defendant sent said negro boy to cut the said tree from off the stump, in the doing of which the butt of the falling tree flew round and struck said negro, injuring him so that he died of the injury within twenty-four hours thereafter; that after being injured, the negro boy was immediately carried to the plaintiff's house, and there he died; that the boy, at the time he was injured, was worth fifteen hundred dollars, and was also worth, for hire, one hundred and fifty dollars per annum. The plaintiff then closed her testimony.

When the plaintiff closed her testimony, counsel for the defendant moved the Court to dismiss said case, on the ground that the plaintiff had not made such a case, by the

Tharp vs. Anderson.

proof, as entitled her to recover in the form of action adopted.

The presiding Judge sustained the motion and dismissed the case, and this decision is the error complained of in this case.

C. W. MABRY, for the plaintiff in error.

BIGHAM & CROCKET, for the plaintiff in error.

*By the Court.*—LYON, J., delivering the opinion.

The action of trover in this case was well brought. The defendant had wrongfully taken the negro, the property of plaintiff, and converted him to his use. For this trover lies. The redelivery of the negro to the plaintiff does not bar the action, but only goes in mitigation of damages. *Butler, N. C.,* 44. So every unlawful taking, having the effect of altering the nature of the property, is a conversion. 2 *Geo. and case cited.* Any use or disposition of a chattel, without the consent of the owner, and inconsistent with his right, is a conversion. 1 *Bailey,* 346. The same principle is recognized in *Liptrot vs. Holmes,* 1 *Kelly,* 391. Any number of authorities might be collected directly on the point, as we think the adjudication of the Court on the point must control the case. In *Collins vs. Lyons,* 18 *Geo.* 648, the plaintiff sent his negro to mill, and, while there, the water-wheel got out of order. The negro, in assisting to raise the wheel, received a blow, by the lever falling, which caused his death. The defendant being present, it was held that he was liable in an action of trover. The defendant in this cause, against the consent of the owner, put the negro to his own use, and while so employed received an injury which caused his death. We hold that he is liable to the plaintiff thus occasioned in an action of trover. The nonsuit granted must be set aside.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed, upon the ground that the Court erred in granting a nonsuit and dismissing plaintiff's action.