HARRIS LOAN COMPANY *et al. v.* ELLIOTT & HATCH BOOK TYPEWRITER COMPANY.

COBB, J. 1. An agency can not be established by proof of the declarations of the alleged agent. *Williams* v. *Kelsey,* 6 *Ga.* 365; *Holland* v. *Van Beil,* 89 *Ga.* 223; *Abel* v. *Jarratt,* 100 *Ga.* 732.

2. Persons dealing with an agent appointed for a particular purpose are bound to inquire as to the extent of his authority. Civil Code, § 3023.

3. While possession of personal property is presumptive evidence of ownership, such presumption is not conclusive, and any person dealing with the possessor as the owner will not obtain title to the property as against the true owner, unless he has done something to mislead or deceive such person. Delivery of possession of an article of personalty to an agent for the purpose of being used as a sample in making sales of like articles is not an act calculated to mislead others in regard to the ownership of the property.

4. The declarations of an agent as to the business transacted by him are not admissible against his principal, "unless they were a part of the negotiation, and constituting the res gestæ, or else the agent be dead." Civil Code, § 3034.

5. Evidence that a principal had in the past seen fit to redeem property wrongfully pawned by his agent is not admissible in the trial of an action of trover brought by the principal against one to whom another article of similar character had been wrongfully delivered in pledge by such agent, and who was in no way connected with the former transactions and had no knowledge of the same at the time the property was delivered to him in pawn.

6. Viewing the case in the light of the principles above stated, there was no error committed by the judge in the rulings on evidence complained of; nor was there any error in directing a verdict in favor of the plaintiff.

*Judgment affirmed. All the Justices concurring.*

Argued December 13, 1899.—Decided January 29, 1900.

Complaint in trover. Before Judge Reid. City court of Atlanta. May term, 1899.

*Dorsey, Brewster & Howell* and *Arthur Heyman,* for plaintiffs in error. *C. L. Pettigrew,* contra.