### 1945.  McWHORTER & ARMOR *v.* MOORE.

The owner of two bales of cotton deposited them in a warehouse and received the usual warehouse receipt. He afterwards sold the cotton to a third person and transferred to him by indorsement the warehouse receipt, and then returned to the warehouse and obtained the cotton by falsely representing that he had lost the receipt. Subsequently the holder of the receipt presented it at the warehouse, and on demand the warehouseman paid him for the cotton. *Held,* that the warehouseman could recover the cotton from the original bailor, in trover.

Appeal; from Greene superior court—Judge Meadow. May 13, 1909.

Submitted July 19, 1909.—Decided February 22, 1910.

*James Davison,* for plaintiffs.    *Park & Park,* for defendant.

RUSSELL, J.  The petition as amended alleged that the defendant, P. G. Moore, delivered to the plaintiffs, McWhorter & Armor, two bales of cotton for storage in their warehouse, and that the plaintiffs issued to him the usual warehouse receipt therefor. Several months afterwards the defendant returned to the warehouse and falsely represented that he had lost the receipt, and de-

manded the cotton. Acting on the representation that the defendant had lost the receipt, the plaintiffs delivered to him the cotton. Between the time the cotton was bailed and the time it was redelivered to the bailor, he had sold the cotton to one Perdue and had transferred to him by indorsement the warehouse receipt. At the time of the delivery of the cotton to the defendant on his false representation, the plaintiffs had no knowledge or notice of the transfer of the receipt to Perdue. Subsequently Perdue presented the receipt, duly indorsed by the defendant; and the plaintiffs thereupon paid him for the cotton, and took up the receipt. The plaintiffs demanded the cotton of the defendant, and the demand was refused. The defendant filed a general demurrer to the petition, on the ground that no cause of action in trover is set out; and the trial court sustained the demurrer. The plaintiffs complained of this judgment.

The transfer of the warehouse receipt, under the circumstances, operated to vest the title to the cotton in the transferee, and after that time the transferor had no interest in the cotton. *Livingston* v. *Anderson*, 2 *Ga. App.* 274 (58 S. E. 505). At the time he falsely represented that he had lost the receipt, and thus obtained possession of the cotton, he had neither interest in nor right of possession thereto. As between him and the warehouseman the latter had the right of possession, and could have maintained trover. Civil Code, §§2895, 3886; *Bank of Sparta* v. *Butts,* 4 *Ga. App.* 308 (61 S. E. 298). The mere circumstance that thereafter the warehouseman had paid the true owner for the cotton and had taken up the receipt did not defeat this cause of action in trover, but on the other hand vested in the warehouseman the title to the cotton. At the time of the suit, therefore, the warehouseman had both the title and the right of possession to the cotton, and plainly could recover it in trover from one who had no title and who had obtained possession by fraud.

*Judgment reversed.*