## OCEAN STEAMSHIP CO. v. SOUTHERN STATES NAVAL STORES CO.

ATKINSON, J. 1. In an action of trover, where it appeared that at the time of the institution of the suit the defendant was in possession of the property as bailee of a third person, claiming adversely to the plaintiff, it was unnecessary to prove a demand for the property and a refusal to surrender it before the institution of the suit. Civil Code (1910), § 4483; *Robinson* v. *McDonald*, 2 *Ga.* 116; *Braswell* v. *McDaniel*, 74 *Ga.* 323.

2. Under the law of this State, where there is a delivery of spirits of turpentine by a producer, on cash sale, the title of the seller remains undivested until payment in full of the purchase-price, and may be asserted by him even as against a bona fide purchaser from his vendee. *Flannery* v. *Harley*, 117 *Ga.* 483 (43 S. E. 765). A carrier acquires no right, by virtue of its employment as such, to hold goods delivered to it by a wrong-doer to whom they did not belong, until the freight charges are paid, as against the claim of the true owner, nor has the

carrier any lien on the goods for the transportation charges. *S., F. & W. Railway Co.* v. *Talbot,* 123 *Ga.* 378 (51 S. E. 401, 3 Ann. Cas. 1092).

(a) Accordingly, where a vendor sold spirits of turpentine on cash sale and made delivery to the vendee, and the latter wholly failed to pay the purchase-price, but delivered the property to a common carrier to be transported to a distant city, consigned to the order of the shipper, the carrier could not hold the property for freight charges as against the vendor.

(b) Under these circumstances the possession of the carrier was unlawful as against the vendor, and it was liable to the vendor in an action of trover for the value of the turpentine.

3. The fact that the common carrier may have received the turpentine from the vendee, who was the apparent owner of the property, would afford the carrier no defense as against the true owner, if it appeared that while the property was in possession of the carrier it received notice from the true owner of his title to the property, and demand for the delivery of it to him. *Georgia Railroad Co.* v. *Haas,* 127 *Ga.* 187 (56 S. E. 313, 119 Am. St. R. 327, 9 Ann. Cas. 677).

(a) The action was instituted against the common carrier while it was in possession of the spirits of turpentine, and on the day of the institution of the suit the petition was duly served on the common carrier. *Held,* that this was sufficient notice of the title of the plaintiff, and of the fact that the consignor was not the true owner. In this respect the case differs from *Shellnut* v. *Central of Georgia Ry. Co.,* 131 *Ga.* 404 (62 S. E. 294, 18 L. R. A. (N. S.) 494).

4. The evidence was sufficient to authorize the verdict, and there was no error requiring the grant of a new trial.

*Judgment affirmed. By five Justices, all concurring.*
SEPTEMBER 12, 1916.

Trover. Before Judge Charlton. Chatham superior court. April 7, 1916.

*Lawton & Cunningham,* for plaintiff in error.
*Travis & Travis,* contra.