11972. PAYNE, agent, *v.* MANHATTAN FRUIT & PRODUCE CO.

STEPHENS, J. Since a void petition for certiorari can not, after it has been dismissed, be renewed under section 4381 of the Civil Code (1910), providing for the renewal of suits within six months after dismissal, and since it appears from the record that the petition for certiorari in the present case was a renewal of one which had been adjudicated as void for the want of a valid bond and dismissed on that ground, the trial judge did not err in refusing to sustain the certiorari.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED SEPTEMBER 27, 1921.

Certiorari; from Fulton superior court — Judge George L. Bell. October 27, 1920.

*Lovick G. Fortson, Randolph & Parker,* for plaintiff in error.

*R. R. Jackson, John F. Echols,* contra.

---

12005. MACON, DUBLIN AND SAVANNAH RAILROAD COMPANY *v.* HEARD BROTHERS *et al.*

STEPHENS, J. 1. A bailee for hire has such title and right of possession as will authorize it to maintain a suit in trover. Civil Code, (1910), §§ 3468, 4482; *McWhorter* v. *Moore,* 7 *Ga. App.* 439 (67 S. E. 115).

2. While it is a conversion of personal property for one in possession, without title, to sell the property and receive the proceeds (*Branch* v. *Planters Loan & Savings Bank,* 75 *Ga.* 342), although the one in possession was an innocent purchaser from one with no authority to sell from the true owner, yet where the true owner lost possession of the property through the negligent and fraudulent acts of its own agents and employees, such owner could not maintain trover for the property against one who innocently came into possession thereof and who had in good faith disposed of the property without any notice of the claim of the true owner.

3. It appearing in the instant case, which is a suit in trover to recover the possession of certain property, that the plaintiff lost possession of the property through the fraudulent and negligent acts of its own agents and employees, and that the defendant was guilty of no negligence or fault in the premises, and had disposed of the property in good faith and without any notice of the plaintiff's claim, the trial judge did not err in directing a verdict for the defendant.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED SEPTEMBER 27, 1921.

Trover; from city court of Macon — Judge Gunn. November 10, 1920.

*Charles Akerman, Jesse Harris,* for plaintiff.

*T. A. Jacobs Jr., John R. L. Smith, Grady C. Harris,* for defendant.