13588.  SINGER SEWING MACHINE CO. *v.* WARDLAW.

STEPHENS, J.  1.  There being no market overt in Georgia, but the doctrine of caveat emptor being of force, a purchaser of personal property from one who is not the true owner acquires no title against the true owner by reason of the bona fides of his purchase, when he purchases from one who is an utter stranger to the title and who can convey no title, except where there may be some statute otherwise, or where the true owner, upon some principle of estoppel, would be prevented from asserting his title.  *Daniel v. Hollingshead,* 16 *Ga.* 190; *Wells v. Walker,* 29 *Ga.* 450 (2); Civil Code (1910), §§ 4118, 4119; 23 Am. & Eng. Enc. Law (2d ed.), 482; 24 R. C. L. 373 et seq.

2.  The provision in the Civil Code (1910), §§ 3318-9, to the effect that the reservation of title in the vendor of personal property sold and delivered is invalid against third persons when the sale is not evidenced by a written contract duly recorded, does not operate to protect a third person not in privity with the vendee.

3.  Where an owner of personal property sells it to a person under a retention-of-title contract which is not recorded, and the property is thereafter levied on as the property of a third person, who has no title to, and no rights whatever in, the property, a purchaser of the property at a constable's sale, made for the purpose of satisfying the indebtedness for which the levy was made, acquires no title whatsoever to the property, in the absence of a statute to the contrary or an estoppel of the plaintiff, even though the purchaser is a purchaser bona fide for value, without notice.

4. Knowledge by the plaintiff that his property had been levied on can not, without more, authorize a finding that the plaintiff, who was not present at the constable's sale, consented to the sale of the property, and was therefore estopped from thereafter asserting title against the purchaser.  *McLennan v. Graham,* 106 *Ga.* 211, 214 (32 S. E. 118).

5.  The failure to record the retention-of-title contract between the plaintiff and the purchaser to whom the property was sold does not concern the

defendant. *Whittington* v. *Wright,* 9 *Ga.* 23 (2). Although it was unrecorded, the retention-of-title contract offered in evidence by the plaintiff was evidence to establish the fact that it reserved title to the property in the plaintiff after selling it to the first named purchaser. This contract was therefore improperly excluded from evidence when offered by the plaintiff with proof of its execution by the subscribing witnesses thereto. Civil Code (1910), §§ 5833, 5834.

6. In a suit by the seller, as the true owner, against the last-named purchaser, who acquired the property at the constable's sale, the court erred in excluding the evidence offered by the plaintiff and in directing a verdict for the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided February 14, 1923.

Trover; from Walker superior court — Judge Wright. February 24, 1922.

*Rosser & Shaw,* for plaintiff. *Norman Shattuck,* for defendant.