## 19022. CHAFIN v. COX.

STEPHENS, J. 1. Where personal property is delivered to another under an agreement that he is to pay cash therefor, and where the cash payment is made by a check, which the person receiving believes to be good, but which afterwards proves to be worthless, no contract of sale arises, and no title to the property passes. Civil Code (1910), § 4314; *Sims* v. *Bolton*, 138 *Ga.* 73 (74 S. E. 770); *Kinard* v. *First National Bank*, 125 *Ga.* 228 (53 S. E. 1018, 114 Am. St. R. 201); *Stewart Paper Mfg. Co.* v. *Rau*, 92 *Ga.* 511 (17 S. E. 748); *Bowen* v. *DeLoach*, 13 *Ga. App.* 458 (79 S. E. 371); Benjamin on Sales, § 975; Mechem on Sales, § 545. Decisions such as in *Mashburn* v. *Dannenberg*, 117 *Ga.* 567 (4) (44 S. E. 97), which hold that a vendee under a contract of sale induced by fraud acquires title to the property unless the seller elects to rescind the contract, are distinguishable, in that there a contract of sale, although voidable, was executed, whereas here, no contract of sale ever arose.

2. Where the person to whom the property is delivered is given, by the person from whom he received it, only its mere possession, and is given no indicia of the right to sell or dispose of the property, which, "according to the custom of trade or the common understanding of the world," usually accompanies the authority to sell or dispose of property, he can not by a sale to an innocent purchaser divest the true owner's title. Civil Code (1910), § 4119; *Harris Loan Co.* v. *Elliott & Hatch Co.*, 110 *Ga.* 302 (3) (34 S. E. 1003); *Singer Sewing Machine Co.* v. *Wardlaw*, 29 *Ga. App.* 626 (116 S. E. 207).

3. This being a suit in trover for a diamond ring, and the only evidence authorizing an inference that the plaintiff's admitted title to the ring had become divested being that the defendant purchased the ring from· a person who had obtained it from the plaintiff in the manner indicated in paragraph 1 above, it appears without dispute that the plaintiff never parted with the title to the ring and was not guilty of laches, and that the person who acquired the ring from the plaintiff

had no such indicia of the right to sell or dispose of it as would permit him to pass title thereto to a bona fide purchaser for value or would estop the plaintiff from asserting his title against such bona fide purchaser for value, the verdict found for the plaintiff, in an amount representing the undisputed value of the ring, was as a matter of law demanded.

4. Since the evidence demanded the inference that the title to the ring was in the plaintiff, the admission of evidence which tended to establish that the person who obtained the ring from the plaintiff was guilty of a criminal act in so doing and had been indicted therefor under a charge of larceny and had pleaded guilty to the charge, was, if irrelevant or otherwise inadmissible, harmless to the defendant.

5. The verdict rendered for the plaintiff in the municipal court of Atlanta, and afterwards affirmed by the appellate division of that court, was demanded as a matter of law, and no error prejudicial to the defendant was committed. The judge of the superior court therefore erred in sustaining the certiorari sued out by the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 20, 1929. REHEARING DENIED MARCH 2, 1929.

*Hendrix & Buchanan,* for plaintiff.
*D. K. Johnston,* for defendant.