HOGANSVILLE BANKING CO. *v.* WILKINSON; *et vice versa.*

PER CURIAM. 1. The receipt for collection by a bank in this State, at a time when its officers knew it was insolvent, from a regular customer who did not know of such insolvency, of a check drawn upon a bank in another State, upon the condition that in doing so the bank "acts only as depositor's collecting agent and . . all items are credited subject to final payment, . . and . . it may charge back any item at any time before final payment," created such bank merely the agent of such depositor for the purpose of collection; and that relation having been terminated after the closing of the bank of deposit, but prior to the payment of the check by the drawer to a correspondent of the bank of deposit, the depositor is entitled to the proceeds thereof in excess of his indebtedness to the bank.

2. Accordingly, the court did not err in overruling the defendant's demurrer to the first count of the petition, and, under the facts, in decreeing that the title and ownership of the check and its proceeds was in the petitioner, and that petitioner recover from the defendant the amount designated in the check, less an overdraft of $330.50, together with interest, and that plaintiff was entitled to payment of the amount of the judgment out of the assets of the bank before payment of the general depositors.

3. The judgment on the main bill of exceptions having been affirmed, the cross-bill of exceptions is dismissed.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

NOS. 7475, 7494. SEPTEMBER 13, 1930.

*E. T. Moon,* for banking company et al.   *Hall & Jones,* contra.