20363.   DARBY *v.* PARRISH.

DECIDED JANUARY 16, 1931.

*Leroy Cowart,* for plaintiff in error.    *Francis B. Hunter,* contra.

BELL, J.    (After stating the foregoing facts.)    Counsel for the defendant contends that the plaintiff gave to Babson such external indicia of right to dispose of the property that the sale to the defendant, an innocent purchaser, divested the plaintiff's title.    Civil Code (1910), § 4119.    We can not agree with this contention. "There being no market overt in Georgia, but the doctrine of caveat emptor being of force, a purchaser of personal property from one

who is not the true owner acquires no title against the true owner by reason of the bona fides of his purchase, when he purchases from one who is an utter stranger to the title and who can convey no title, except where there may be some statute otherwise, or where the true owner, upon some principle of estoppel, would be prevented from asserting his title." *Singer Sewing Machine Co.* v. *Wardlaw,* 29 *Ga. App.* 626 (116 S. E. 207); *Harris Loan Co.* v. *Elliott,* 110 *Ga.* 302 (3) (34 S. E. 1003). The mere fact that the owner of personal property leaves it in the possession of another is not evidence of the right of the latter to sell it; nor does the owner, by permitting the property to remain in the possession of the other, give to the latter any external indicia of the right of its disposition. *Patterson Co.* v. *Peoples Loan & Savings Co.,* 158 *Ga.* 503 (3), 507 (123 S. E. 704). "Where the person to whom the property is delivered is given, by the person from whom he received it, only its mere possession, and is given no indicia of the right to sell or dispose of the property, which, 'according to the custom of trade or the common understanding of the world,' usually accompanies the authority to sell or dispose of the property, he can not by a sale to an innocent purchaser divest the true owner's title." *Chafin* v. *Cox,* 39 *Ga. App.* 301 (2) (147 S. E. 154). Under the above authorities, the evidence in the instant case demanded the verdict for the plaintiff, and the court did not err in directing such verdict.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*