## 30077.   NOTTINGHAM *v.* WEST.

Decided September 25, 1943.

*George H. Miller, George M. Nottingham,* for plaintiff in error.
*C. W. Foy, R. S. Foy,* contra.

FELTON, J. (After stating the foregoing facts.) The motion for new trial states that the court directed a verdict for the plaintiff on the theory that even though the duly-recorded senior lien or bill of sale, dated January 25, 1937, from Arthur Preston to Macon Production Credit Association, was superior to the retention-of-title

contract from Arthur Preston to the plaintiff, Mrs. E. T. Nottingham had actual knowledge of the plaintiff's 1934 contract before the transfer to her of the bill of sale from the Macon Production Credit Association, and therefore she got no title through her foreclosure. Whether the direction was proper for the reason given is immaterial if the verdict was otherwise correct. However, we do not think that the verdict was demanded under any theory.

■ The evidence did not demand a finding of the value of the mules, as directed by the court. Incidentally, the plaintiff's note was an entire contract for the sale of several mules, and he could not determine that a certain sum was owed to him for a part of the property. There was evidence from which the jury could have found a value different from the one fixed by the court. Testimony as to market value is opinion evidence, and does not have to be accepted exactly as testified to, even where there is no conflict. There was evidence that the mules were worth $250 in 1934 and less at the time the defendant obtained them. There was also evidence of what the defendant paid for them at the sheriff's sale..

■ Another jury issue was whether Arthur Preston obtained possession of one of the mules in 1932, and whether it was subject to the plaintiff's retention-of-title notes.

■ Another jury issue was whether Effie Preston bought the mules in 1934, or whether both she and her husband, Arthur Preston, bought or agreed to buy them. If Effie alone bought them, the bills of sale given by Arthur Preston would not take precedence over the plaintiff's retention-of-title contract dated in 1934, or the one dated in 1938, even though unrecorded. *Whittington* v. *Wright*, 9 *Ga.* 23 (2) ; *Singer Sewing Machine Co.* v. *Wardlaw*, 29 *Ga. App.* 626 (116 S. E. 207) ; *Chafin* v. *Cox*, 39 *Ga. App.* 301 (147 S. E. 154) ; *Darby* v. *Parrish*, 42 *Ga. App.* 492 (156 S. E. 462) ; *Guthrie* v. *Hendley*, 56 *Ga. App.* 438 (193 S. E. 80). But if the mules were sold in 1934 to Effie and Arthur Preston, and the plaintiff failed to record his retention-of-title note, and the Macon Production Credit Association took a bill of sale to secure debt for value and without notice, Mrs. Nottingham would take the place of the credit association, even if she had notice through her husband as agent. *Josey* v. *George*, 39 *Ga. App.* 120 (146 S. E. 506) ; *Houston* v. *Lundy*, 45 *Ga. App.* 122 (163 S. E. 328). Counsel for Mr. West contend that the brief of evidence does not show that the

1934 bill of sale was not recorded. We assume, from the fact that the plaintiff's retention-of-title contract is shown by the brief to have been recorded, that the 1934 note was briefed in material respects, and that the absence of information as to recording means that it was not recorded, or at least that the information was not on the note, which would mean, prima facie, that it was not recorded. It is not clear from the evidence when R. S. West contends he took the mules back from Effie Preston, or whether he surrendered the 1934 note to her or to Arthur Preston at such time, or whether Mr. Nottingham obtained the note by paying a balance due on it. This court will not at this time undertake to determine finally all the issues on the evidence before it. At another trial there may be brought out additional facts which will clarify several most troublesome questions. For instance, one witness swore that Arthur Preston had possession of the mules in question in April, 1934, before West, as he contends, sold them to Effie Preston in October, 1934. All questions are left open for determination.

■ It was error to direct the verdict, and to overrule the motion for a new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*