## 32871. SCOGGINS *v.* GENERAL FINANCE & THRIFT CORP.

DECIDED FEBRUARY 9, 1950.

*Roy B. Rhodenhiser Jr.*, for plaintiff in error.

*Benning M. Grice, Wilmer D. Lanier*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special grounds 1, 2, and 3, which complain of the court's action in directing the verdict, are considered together. The defendant contends that at the time the Citizens Bank of Warrenton accepted the bill of sale to the automobile from Brooks, the original buyer, and recorded the same, it had no notice of the conditional bill of sale of the plaintiff since the latter instrument was not filed for record at that time; that its recorded instrument is therefore entitled to priority, and that the defendant, as transferee thereof, is entitled to like priority. This contention is unsound in the first instance on the authority of our Code § 67-1403 which provides as follows: "The registration and record of conditional bills of sale shall be governed in all respects by the laws relating to the registration of mortgages on

personal property, *except that they must be recorded within 30 days from their date.*" (Italics ours.) . In this they differ from mortgages, deeds and bills of sale to secure debt since these latter instruments date only from the time they are filed for record as to innocent purchasers without notice thereof. See Code §§ 67-109, 67-1305, and 29-401. This has been true, as to mortgages, deeds, and bills of sale to secure debt, since the adoption of the Code of 1895. See *Saunders* v. *Citizens First National Bank,* 165 *Ga.* 558 (142 S. E. 127). Previous to that time our law provided a 30-day period for recording as to them also. The general rule is that where a specified period of time is allowed by statute for the recording of an instrument, and it is properly recorded within that time, the claim or lien arising thereunder dates back to the execution of the instrument. A mortgage recorded within the 30-day period allowed prior to the adoption of the Code of 1895 related back to the time of its signing. *Jones* v. *Howard,* 99 *Ga.* 451 (1) (27 S. E. 765). Further, in *Huey* v. *LaGrange Motors Inc.,* 78 *Ga. App.* 624 (52 S. E. 2d, 45), a case involving a like issue as to the relative rights of the holder of a retention-of-title contract and a purchaser for value without notice previous to the recording thereof, both sales occurring within the 30-day period, it was held that the conditional vendor had complied with the terms of the statute and was entitled to priority.

Since the plaintiff's conditional-sales contract was recorded in the county of the buyer's residence within 30 days of the date of its execution, and since the effect of this registration is to give notice to the world from the date of its execution, the court did not err in directing a verdict for any reason stated in the first three grounds of the motion for a new trial.

■ Special ground 4 complains that the court erred in directing a verdict for the reason that the plaintiff did not tender to the defendant the sum of $515 paid by him to the Citizens Bank of Warrenton in satisfaction of the bill of sale to secure debt. The plaintiff had no part in the transaction between the defendant and the bank. Had the note for $515 due the latter not been paid, the bank would have had no recourse against the plaintiff because of the mere fact that it lent its money upon a worthless security, and certainly its transferee, the de-

fendant Scoggins, is in no better position. Ground 4 is therefore not meritorious.

■ Ground 5 complains of the direction of a verdict, on the ground that the defendant had parted with possession of the automobile before this action was brought. A trover action will lie, upon proof of conversion by the defendant, even though the property has been destroyed before the commencement of the action. See *Tharp* v. *Anderson*, 31 *Ga.* 293. It follows that such action must also lie although the property has been disposed of by sale prior to demand and suit. See *Whelchel* v. *Roark*, 31 *Ga. App.* 75 (119 S. E. 451); *Chambless* v. *Livingston*, 123 *Ga.* 257 (51 S. E. 314). This ground of the amended motion is without merit.

■ The direction of a verdict on the issue of title was demanded by the evidence, and, there being evidence in the record sufficient to support the verdict of the jury as to the value of the property, the trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed.* *MacIntyre, P. J., and Gardner, J., concur.*