### 35587. ROGERS v. THE CITIZENS BANK OF GREENSBORO.

Decided April 14, 1955—Judgment adhered to July 7, 1955.

400

*Stewart & Hall, Wm. Hall,* for plaintiff in error.

*Grigsby H. Wotton,* contra.

QUILLIAN, J. The defendant purchased the automobile, for the recovery of which the trover action was instituted, with constructive notice of the plaintiff's title and right to possession of the same. He predicated his defense upon the contention that he tendered the automobile to the plaintiff, and that the plaintiff's failure to take possession immediately amounted to an abandonment of it. The defendant specifically relies upon the statement of the plaintiff's attorney at law, who was handling the collection of the bill of sale under the terms of which the plaintiff held title to the automobile, that he "did not want the car, never did want it, he wanted the money."

The plaintiff maintains that it was not bound to accept the automobile when offered to its attorney by the defendant, for the reason that it had been sold by the plaintiff to a lady and wrecked by her before the offer was made.

If the undisputed evidence had shown this to be true, the plaintiff's counsel unquestionably would have had the right to refuse the defendant's offer. *Georgia, Florida &c. Ry. Co.* v. *Blish Milling Co.,* 15 *Ga. App.* 142 (8) (82 S. E. 784).

But while the defendant's evidence was somewhat confused and equivocal regarding the condition of the automobile at the time the offer was made, and as to whether the defendant offered the automobile to the plaintiff's attorney before or after it was wrecked by a lady to whom the defendant had sold it, it was sufficient to make an issue as to whether it was damaged in the wreck before or after the offer was made.

The offer of the automobile to the plaintiff's cashier or to its attorney did not for certain reasons meet the technical require-

ments of a legal tender. However, it is held in *Groover* v. *Brandon*, 200 *Ga.* 153 (5) (36 S. E. 2d 84): "A tender is not required where the party to whom the offer is made states that the tender would be refused if made." Consequently, whether the tender was legally made or not, the declaration of the plaintiff's counsel waived tender of the property.

This does not mean that the refusal of the offer of the automobile, or the declaration of the plaintiff's attorney above quoted amounted to abandonment of the property, or a renunciation of the plaintiff's title to it. In the first place, the plaintiff had the right to foreclose its bill of sale after the automobile had been sold by Willie Lee Payne, the maker of the paper, to the defendant. If it had accepted the tender of the property, and had taken the automobile, this might have had the effect of terminating all incidents of Payne's obligation under the bill of sale, and might have precluded a foreclosure of that instrument.

For this reason no duty rested upon the plaintiff to accept possession of the automobile.

Secondly, it does not appear from the testimony that the attorney was authorized to renounce the plaintiff's right to the property or to abandon it. So far as the record discloses, he had no authority other than that vested in him by reason of the relationship of attorney and client existing between him and the bank.

An attorney employed, as in this case, to handle the collection of a bill of sale, is not empowered to surrender his client's right or title to the property described in it. Code § 9-606 provides: "Limitation on authority.—Without special authority, attorneys cannot receive anything in discharge of a client's claim but the full amount in cash."

The defendant contends that the testimony of the plaintiff bank's cashier shows that the attorney possessed the unusual authority to renounce, abandon, or surrender the plaintiff's title to the automobile. The testimony upon which this position is based was as follows: "Q. When did you first retain Mr. Grigsby Wotton to look after this matter? A. Mr. Wotton is the bank's attorney. Q. Was it within a month after you had your telephone conversation with Mr. Rogers? A. I don't know when he was retained, he is the attorney for the bank, he handles everything for the bank. Q. Any conference Mr. Wotton had with Mr. Rogers was that your authorization? A. Yes sir."

It clearly appears from this excerpt of the cashier's evidence that the attorney had no authority in excess of that usually conferred upon a lawyer by virtue of his employment. The cashier, so far as the record disclosed, was not authorized to confer any additional authority upon his employer's attorney.

Thirdly, the evidence did not authorize the inference that the plaintiff's attorney had any intention of abandoning any right the plaintiff had in the automobile. Seldom do holders of instruments such as mortgages, conditional-sale contracts, or bills of sale made to secure a debt, want the property. In most instances the holder of the paper wants to realize the recovery of the debt evidenced by the instrument. If the holder of such a secured obligation asserts that he does not want the chattel, title to which the instrument retains or conveys, it certainly does not mean that he does not want the funds that will be realized from a foreclosure of the paper.

The evidence did not show that the plaintiff's attorney expressed an intention to abandon the automobile. Merely leaving it in the defendant's possession for three days or a month after he had offered to surrender it did not constitute an abandonment of the property. Even adverse possession of personalty does not ripen into prescriptive title in less than four years. Code § 85-1706; *Blocker* v. *Boswell*, 109 *Ga.* 230 (34 S. E. 289); *Culbreath* v. *Patton*, 73 *Ga. App.* 667 (1c) (37 S. E. 2d 719).

If the defendant, instead of selling the automobile, had promptly, upon discovery that the plaintiff instead of Willie Lee Payne held legal title to the same, tendered it to the plaintiff or its representative, and if the automobile had not been wrecked while in the defendant's possession before the tender was made, there would have been no conversion of the automobile by the defendant, and the plaintiff could not have maintained a trover action against him.

But, according to the defendant's own testimony, he did not keep the automobile in his possession, but, claiming it as his own, sold it to a lady. No better way of asserting an adverse title to property, and no more effective method of converting it to his own use, could have been chosen.

The court properly denied the defendant's amended motion for new trial.

*Judgment affirmed.   Nichols, J., concurs.   Felton, C. J., concurs in the judgment.*