## 36041. FOWLER *v.* KRAGEL.

TOWNSEND, J. 1. An action in trover will lie on the part of the true owner of personal property against one who has converted such property to his own use, although the defendant in good faith and without notice of the owner's title purchased it from an agent or bailee of such true owner who, however, had no authority to dispose of it, and although the defendant had also parted with possession of the property before suit was brought, but after notice of plaintiff's claim. *Miller* v. *Wilson,* 98 *Ga.* 567 (25 S. E. 578, 58 Am. St. R. 319); *Clarke Bros.* v. *McNatt,* 132 *Ga.* 610, 617 (64

S. E. 795, 26 L. R. A. (NS) 585).; *Scoggins* v. *General Finance & Thrift Corp.*, 80 *Ga. App.* 847 (3) (57 S. E. 2d 686); *Rogers* v. *Citizens Bank of Greensboro*, 92 *Ga. App.* 399, 406 (88 S. E. 2d 548); *Berger* v. *Noble*, 81 *Ga. App.* 34, 42 (57 S. E. 2d 844); *Sappington* v. *Rimes*, 21 *Ga. App.* 810 (1) (95 S. E. 316). The act of the defendant, when informed by the plaintiff that the automobile belonged to him, in replying that if he wanted to he could get a bail trover, and in immediately thereafter and before service of the trover action reselling the automobile to the dealer from whom he had purchased it, was a conversion of the property, provided the title and right of possession thereof was in the plaintiff. *Whelchel* v. *Roark*, 31 *Ga. App.* 75, 78 (119 S. E. 451); *Liptrot* v. *Holmes*, 1 *Ga.* 381 (3), 391.

2. In this trover action the defendant, a used car dealer, defended on the ground that the plaintiff had no title or right of possession of the automobile in question, and offered testimony to the effect that he had in good faith purchased it from another used car dealer who, also in good faith, had purchased it from the defendant's divorced wife. The latter appeared and testified that the car was purchased by the plaintiff in his own name and given to her as an anniversary present; that it had never been in her name, but that she did have a registration card with her name written on the back. The plaintiff testified the automobile was his; that he left it with his wife when, as a member of the armed forces, he was transferred overseas; that he never gave her the automobile, and that when subsequently a divorce was obtained by her while he was overseas she told him that the automobile would be at her mother's house when he got back; that she sold the automobile without informing him and without authority to do so and that, when he returned, he located it in the defendant's used car lot. This testimony made a jury issue as to whether title was in the plaintiff or his divorced wife at the time she sold the car, and a verdict finding in favor of the plaintiff was accordingly authorized by the evidence, it being no defense that the defendant acted in good faith in purchasing the automobile or that, after notice that suit would probably be brought against him, he chose to dispose of it by selling it to a previous purchaser.

3. Since the only issue in the case raised by the pleadings and evidence was whether or not the plaintiff, by gift to his wife, had divested himself of title, and since there was no issue of estoppel on the part of the plaintiff to deny that legal title was in his wife (for an instance of such estoppel see *Southern Discount Co.* v. *Elliott*, 86 *Ga. App.* 50, 70 S. E. 2d 605) it was not error for the court to fail to charge that "where the true owner lost possession of the property through the negligent and fraudulent acts of its own agents and employees, such owner could not maintain trover for the property against one who innocently came into possession thereof and who had in good faith disposed of the property without any notice of the claim of the true owner." This rule of law, as set out in *Macon, Dublin &c. R. Co.* v. *Heard Bros.*, 27 *Ga. App.* 382 (108 S. E. 481) must be taken to relate to the affirmative defense of estoppel, since otherwise it would be in conflict with the cases cited in the first division of this opinion.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 16, 1956.

*John Tyler,* for plaintiff in error.