## 37872. ARNOLD *v.* CONNER.

CARLISLE, Judge. 1. "The seller can convey no greater title than he has himself. . . There is no 'market overt' in Georgia." Code § 96-111.

2. "While possession of personal property is presumptive evidence of ownership, the presumption is not conclusive, and any person dealing with the possessor as the owner will not obtain title to the property as against the true owner, unless the latter has done something to mislead or deceive such purchaser. *Harris Loan Co.* v. *Elliott & Hatch Co.*, 110 *Ga.* 303 (3) (34 S. E. 1003)." *Gilbert* v. *Copeland*, 22 *Ga. App.* 753, 754 (3) (97 S. E. 251).

3. Under the foregoing rules of law, the fact that the owner of the automobile, a married woman estranged from her husband, negligently allowed her husband to get possession of the keys and the automobile and to thereafter drive it from Columbus to Atlanta and sell it to a dealer in automobiles of the particular make here involved was not such an act as clothed the husband, who had no interest therein, with the external indicia of ownership and right of disposition, so as to enable him to pass to the dealer such title to the automobile that the dealer could in turn give to a third party purchaser clear title which

would defeat the right of the true owner to recover the same in a trover action. _Chafin_ v. _Cox_, 39 _Ga. App._ 301 (147 S. E. 154); _Darby_ v. _Parrish_, 42 _Ga. App._ 492 (1) (156 S. E. 462); _Guthrie_ v. _Hendley_, 56 _Ga. App._ 438 (193 S. E. 80); _Burpee_ v. _Athens Production Credit Assn._, 65 _Ga. App._ 102 (15 S. E. 2d 526); _Nottingham_ v. _West_, 69 _Ga. App._ 876, 880 (3) (27 S. E. 2d 44).

4. The evidence in this case showing facts substantially as indicated above, the trial court did not err in entering a judgment for the plaintiff and in thereafter denying the motion for new trial on the general grounds and on three special grounds which in substance complained that the evidence demanded a finding that the defendant was a bona fide purchaser for value without notice of any infirmity in the title to the automobile in question. Code §§ 37-111 and 37-114, relied on by the plaintiff in error, do not require a ruling contrary to that here made. Neither do the rulings in _Jeems_ v. _Lewis_, 13 _Ga. App._ 456 (79 S. E. 235), _Malsby & Co._ v. _Widincamp_, 24 _Ga. App._ 737 (102 S. E. 178), and _Williams_ v. _Smith_, 128 _Ga._ 306 (57 S. E. 801), which are also relied on by the plaintiff in error, require anything different from what we now rule. These cases are clearly distinguishable on their facts from the instant case.

_Judgment affirmed._ _Gardner, P. J., and Townsend, J., concur._

DECIDED OCTOBER 22, 1959.

_Marvin G. Russell_, for plaintiff in error.
_Romae L. Turner_, contra.