38656. WYATT v. SINGLEY.

Decided February 21, 1961.

*R. E. Llorens,* for plaintiff in error.

*Sheats, Parker & Webb, Paul Webb, Jr.,* contra.

FELTON, Chief Judge. "There being no market overt in Georgia, but the doctrine of caveat emptor being of force, a purchaser of personal property from one who is not the true owner acquires no title against the true owner by reason of the bona fides of his purchase, when he purchases from one who is an utter stranger to the title and who can convey no title, except where there may be some statute otherwise, or where the true

owner, upon some principle of estoppel, would be prevented from asserting his title." *Singer Sewing Machine Co. v. Wardlaw*, 29 Ga. App. 626 (1) (116 S. E. 207); *Guthrie v. Hendley*, 56 Ga. App. 438 (193 S. E. 80). It cannot be said that the plaintiff was estopped simply because he voluntarily delivered possession of the automobile to one making fraudulent representation for the purpose of gaining possession of property. "Mere negligence of an owner in putting personal property in the possession of another so that he is given the opportunity to dispose of it is not sufficient to estop the owner." *Padgett v. Collins*, 89 Ga. App. 769, 779 (81 S. E. 2d 309) and cit. "While possession of personal property is presumptive evidence of ownership, the presumption is not conclusive, and any person dealing with the possessor as the owner will not obtain title to the property as against the true owner, unless the latter has done something to mislead or deceive such purchaser." *Arnold v. Conner*, 100 Ga. App. 503 (2) (111 S. E. 2d 638) and cit. Under the facts of the case it does not appear that the plaintiff's wife was acting as agent for her husband or that she had any authority to represent him in any way with reference to the car.

In accordance with the foregoing principles of law, the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Nichols and Bell, JJ., concur.*