## 40734. SPARKS v. BANK OF GEORGIA.

RUSSELL, Judge. 1. "Whoever takes and carries away the property of another without his consent is not absolved from liability as for a conversion by his own good faith in the transaction, and although he may take the property by the

consent of one whom he mistakenly believes to be the owner, he still may be held as for a conversion, where he refuses on demand to surrender the property to the true owner. *Flannery v. Harley*, 117 Ga. 483 (2) (43 SE 765); *Ocean Steamship Co. v. Southern States Naval Stores Co.*, 145 Ga. 798 (3) (89 SE 838); *Haas v. Godby*, 33 Ga. App. 218 (125 SE 897) and cit." *Comer v. Rome Chevrolet Co.*, 40 Ga. App. 820 (4) (151 SE 678).

2. "Where the requirements of law are otherwise met a trover action will lie, although the property has been disposed of by the defendant prior to the date of demand and the filing of the suit." *Scoggins v. General Finance &c. Corp.*, 80 Ga. App. 847 (3) (57 SE2d 686).

3. "[A] restrictive indorsement puts subsequent parties on notice that the indorser retains ownership of the instrument . . . Kirstein Leather Co. v. Deitrick (C.C.A. Mass. 1936) 86 Fed 2d 793; and Nordin v. Eagle Rock State Bank (1934) 139 Cal. App. 584, 34 P2d 490." Paton's Digest of Legal Opinions, 1942, Vol. II § 15 A:5, p. 2109. See also Id., Vol. III § 8:2, p. 2692; *Code* §§ 14-407, 12-303; 10 CJS 842, Bills and Notes, § 340; *Cronheim v. Postal Telegraph-Cable Co.*, 10 Ga. App. 716 (1) (74 SE 78); *Hogansville Banking Co. v. Wilkinson*, 171 Ga. 165 (154 SE 789). A holder of a check containing such a restrictive endorsement is not a holder in due course and does not have title to the instrument; it is therefore in his hands subject to the same defenses and only those pertaining to a non-negotiable instrument. *Code* § 14-508. See also Soma v. Handrulis, 277 N. Y. 223 (14 NE2d 46), cited in Paton, supra.

4. (a) The plaintiff Wynona Sparks received a check from Sabco Investments, Inc. drawn on the Florida National Bank at Lakeland, Florida in the sum of $6,000. She endorsed it "Mrs. Wynona T. Sparks for deposit only, Acct. of Wynona Sparks," placed it in a "Bank-by-mail" envelope addressed to the First National Bank, Atlanta, Georgia, where she kept her account, and placed it over a tier of mailboxes in her apartment house along with other letters to be picked up by the mailman the following day. The check was stolen. The thief then went to the defendant Bank of Georgia, where plaintiff was unknown, represented herself to be Mrs. Wynona T. Sparks, opened an account in that name and deposited $60 in cash. The same day or the next $40 was withdrawn

and the check in question was deposited. It was forwarded for collection, duly paid, and thereafter the imposter cashed a $2,500 check on the account with the defendant and purchased a cashier's check for $2,000 which she also cashed. This left $1,520 in the account. On the trial the plaintiff sought a money judgment for the value of the check; the trial judge hearing the case without the intervention of a jury found for the defendant, and the plaintiff moved for a new trial on the general grounds.

(b) Applying the foregoing law to these facts, the evidence demanded a finding that the defendant had converted the check in question. The check was stolen, it had not become bearer paper, and it was not negotiable. Title remained in the plaintiff subject to only that which might legally be done under the endorsement—that is, collection of the proceeds and turning them over to the true owner. The bank was guilty of a conversion when it took and used the check, although innocently, for a different purpose. The bank credited the proceeds of the check to the account of Wynona Sparks, true; but it did not credit it to the account of the plaintiff since it intended that the funds be placed at the disposition of another person who represented herself to be Wynona Sparks but was not in fact the plaintiff, and payment was made on the checks drawn by this imposter to the very person whom the bank intended to receive the money, and who had no right or title thereto. This was an unauthorized exercise of dominion over the property of another in defiance of the owner's right, and it did not matter whether such dominion was exercised for its own use or for the use of such other. *Georgia Fla. &c. R. Co. v. Blish Milling Co.*, 15 Ga. App. 142 (2b) (82 SE 784).

5. (a) It is contended however that the plaintiff's loss was occasioned by her own negligence, first in placing the envelope with the check in a place where it might easily be stolen, and second in not checking soon enough with the First National Bank to which it had been mailed to see that it had reached its destination safely. This raises the question of whether negligence of the plaintiff may be a defense to a trover suit where stolen property is involved. In the first place, a bank has a duty to see that funds are not paid over to an improper party, and if the plaintiff gave an opportunity to the thief by placing the check in a location where it might be stolen,

the bank also gave the thief an opportunity to complete her design by failing to check the residence address, business address and references of the imposter which she gave when the account was opened on the very day, or at least within 24 hours of the time she deposited the check, all of which information was false as would have been discovered by making a telephone call to any of the places listed. Negligence short of estoppel will not bar the plaintiff in a trover action, as pointed out by Judge Felton in his special concurrence in *Padgett v. Collins,* 89 Ga. App. 769, 779 (81 SE2d 309) citing *Singer Sewing Mach. Co. v. Wardlaw,* 29 Ga. App. 626 (1) (116 SE 207); *Consolidated Co. v. Citizens Bank,* 32 Ga. App. 113, 114 (3) (122 SE 732); *Guthrie v. Hendley,* 56 Ga. App. 438 (193 SE 80); *Burpee v. Athens Production Credit Assn.,* 65 Ga. App. 102, 107 (15 SE2d 526); *Citizens Bank v. Mullis,* 161 Ga. 371 (2) (131 SE 44). See also *Wyatt v. Singley,* 103 Ga. App. 182, 184 (118 SE2d 841); *Arnold v. Conner,* 100 Ga. App. 503 (111 SE2d 638).

(b) The defendant in error also insists that the plaintiff's negligence here exists and also constitutes a true estoppel such as to bar her from recovery as a matter of law. First observing that the plaintiff did nothing to deceive or mislead the defendant (as in *Roberts v. Davis,* 72 Ga. 819 (1), and *Southern Discount Co. v. Elliott,* 86 Ga. App. 50, 70 SE2d 605), it is well stated: "It certainly is not a general rule of law that a person can be deprived of his property by an unauthorized transfer thereof, simply because he has not exercised ordinary care to prevent such transfer." Schmidt v. Garfield National Bank, 64 Hun. 298, 19 NYS 252, 257. Estoppel was not raised as a defense in the trial court. *Macon, Dublin &c. R. Co. v. Heard Bros.,* 27 Ga. App. 382 (108 SE 481), relied on by the defendant in error, was distinguished by this court in *Fowler v. Kragel,* 93 Ga. App. 403 (3) (91 SE2d 794), where it was pointed out that the rule set out there "must be taken to relate to the affirmative defense of estoppel, since otherwise it would be in conflict with the cases cited in the first division of this opinion"; namely, *Miller v. Wilson,* 98 Ga. 567 (25 SE 578, 58 ASR 319); *Clarke Bros. v. McNatt,* 132 Ga. 610, 617 (64 SE 795, 26 LRA (NS) 585); *Scoggins v. General Finance &c. Corp.,* 80 Ga. App. 847 (3) (57 SE2d 686); *Rogers v. Citizens Bank of Greensboro,* 92 Ga. App. 399, 406 (88 SE2d 548); *Berger*

*v. Noble,* 81 Ga. App. 34, 42 (57 SE2d 844); *Sappington v. Rimes,* 21 Ga. App. 810 (1) (95 SE 316). No rule of law is more firmly fixed in the law of this State than the rule that, if estoppel is relied upon as a defense, there must be a plea of estoppel. *Hightower v. Blakely Hardwood Lumber Co.,* 163 Ga. 776 (137 SE 22). In those cases, such as *Heard Bros.,* supra, where it was held in effect that evidence admitted without objection constituted an estoppel there was always some affirmative act on the part of the plaintiff in turning over the instrument or property to another with apparent authority to act for him, or in otherwise doing something to mislead the opposite party. No such facts appear here. This is the distinction in *Raleigh & Gaston R. Co. v. Lowe,* 101 Ga. 320 (28 SE 867) and Burke County v. First Nat. Bank of Birmingham, 73 F2d 783. The former was not a trover action. The latter was an action for damages for conversion in which it was contended that the bank paid a check improperly endorsed to the holder, but in that case the party to whom the funds were paid was the party intended by the plaintiff to receive them, and to whom they were in fact owing. Neither of these cases, nor others cited in the brief of the defendant in error, is authority for a contrary holding.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*

DECIDED JULY 13, 1964—REHEARING DENIED JULY 30, 1964.

*Hansell, Post, Brandon & Dorsey, Hugh E. Wright, W. Rhett Tanner,* for plaintiff in error.

*Lokey & Bowden, Hamilton Lokey, Glenn Frick,* contra.