*Brooke & Henderson,* contra.

---

## 16036. Nunnally v. Colt Company.

STEPHENS, J. 1. Where a written contract for the sale of personalty is executed by two persons ostensibly as purchasers, it may be shown by parol that one of them executed the contract not as a principal obligor, but as a surety only. Civil Code (1910), § 3556.

2. Where the terms of such a contract provide that, at the option of the seller, the purchaser may be required to evidence the obligation by a purchase-money note payable twelve months from the date of shipment of the property purchased, and where the seller has taken such a note from the purchaser, one who was a surety upon the original con-. tract of sale, irrespective of whether he in fact became a surety upon the note, will, where the note is, without his consent, renewed and the

time of payment extended, thus constituting a new contract for a new consideration, be discharged. ·

3. In a suit by the seller against one of the obligors upon the original contract of sale, that part of the defendant's plea as amended which set up suretyship and a discharge by a new contract alleged to have been entered into by the seller and the coobligor was improperly stricken on demurrer.

4. The remainder of the defendant's plea as amended, which alleged parol agreements and understandings between the plaintiff and the defendant at variance with the contract sued on, the execution of which the defendant admitted, was properly stricken on demurrer.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 20, 1925.

Complaint; from city court of Madison—Judge Lambert. October 20, 1924.

*E. H. George,* for plaintiff in error.

*M. C. Few,* contra. .