30537. WEST *v.* NOTTINGHAM.

DECIDED JUNE 7, 1944.

*R. S. & C. W. Foy,* for plaintiff.
*George H. Miller,* for defendant.

FELTON, J. This is the second appearance of this case here. For statement of pleadings and questions arising on the first trial see *Nottingham* v. *West, 69 Ga. App.* 876 (27 S. E. 2d, 44). The main contentions of the parties were the same on the second trial. This time the jury found for the defendant, and the plaintiff excepts to the overruling of his motion for a new trial.

R. S. West claimed title to the two mules involved in this trover action under a retention-of-title contract executed by Arthur Preston on January 1, 1938, showing a consideration of $580, properly recorded on January 13, 1938. He testified that the mules were levied on under a foreclosure in favor of Mrs. Nottingham against Arthur Preston, sold under the levy, and bought in by Mrs. Nottingham; that if Arthur Preston had ever had possession of either of the mules before the sale to him he did not know about it; that he bought the mules in Atlanta in October 1934, and had never owned either of them before that time. Referring to a note dated October 26, 1934, he testified that the signatures of Effie Preston and Arthur Preston appeared on the note; that it had never been recorded; that it covered the mules involved; that he sold the mules to Effie Preston. In view of our decision in this case it is not necessary to go into detail about all the evidence introduced. Suffice

it to say that the defendant claimed title to the mules by virtue of her purchase at the foreclosure sale under a bill of sale to secure debt, made and delivered by Arthur Preston to Macon Production Credit Association, dated January 25, 1937, and transferred to the defendant, Mrs. Nottingham. R. S. West further testified that in 1934 he sold the mules to Effie Preston alone; that Arthur Preston was not present at that time; that sometime later Arthur Preston came in and signed the note with Effie; that in the latter part of 1937 he repossessed them from Effie, and sold them to Arthur on January 1, 1938. Arthur Preston testified that the purchase on January 1, 1938, was his first purchase of the mules from R. S. West.

■ It is the contention of R. S. West that Effie Preston alone purchased the mules in 1934, and that Arthur Preston signed the note as surety only. While the mere fact that Arthur Preston did not sign the note at the same time Effie Preston signed it would not mean that he signed as surety, there would have been an issue whether Arthur Preston signed as surety only if the court had admitted the 1934 note in evidence, and had permitted R. S. West and Mrs. Irene West to testify. Counsel for West stated to the court that he proposed to prove by R. S. West and Irene West that Arthur Preston signed the note as surety only. The rulings of the court in effect excluded the 1934 note, and prevented West from introducing the note, and testimony tending to sustain his contentions. These rulings were erroneous for the reason that it is competent to show by parol evidence that "where a written contract for the sale of personalty is executed by two persons ostensibly as purchasers, it may be shown by parol that one of them executed the contract not as a principal obligor, but as a surety only." *Nunnally* v. *Colt Co.,* 34 *Ga. App.* 247 (129 S. E. 119); Ga. Code Ann., § 103-306, catchwords "Joint Maker"; *Waters* v. *Gainesville National Bank,* 26 *Ga. App.* 119 (105 S. E. 627). There is involved here no principle of estoppel which would prevent the application of the foregoing rule. If such evidence had not been excluded, and if the jury had found that Arthur Preston signed as surety only, then the failure by R. S. West to record the 1934 note would not have militated against him so far as the encumbering of the mules by Arthur Preston was concerned. The recording statutes are not designed to afford protection except as against acts by the primary

284

parties to the instrument.. See cases cited in *Nottingham v. West,* 69 *Ga. App.* 880 (supra). The foregoing issues were raised in special ground 1 of the motion for new trial. The defendant in error contends that the 1934 note was not introduced in evidence, and that the ground should not be considered. The ground is certified as being true, and the record does not show affirmatively that the 1934 note was not offered in evidence. Hence the judge's certificate must prevail.

■ In view of the foregoing ruling, the court erred in submitting as the one issue in the case the question whether the Macon Production Credit. Corporation had notice of the title of R. S. West when it received its bill of sale in 1937. Did Arthur Preston sign the 1934 note as surety or joint purchaser? If he signed as purchaser, did the Macon Production Credit Association have notice of the claim? If he signed as surety only, R. S. West would be entitled to a verdict as matter of law under such a finding by the jury unless his claim under the 1934 note had been satisfied.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*